Strafford
No. 2002-410

THE STATE OF NEW HAMPSHIRE

v.

THOMAS WOOD

Argued: October 8, 2003
Opinion Issued: November 10, 2003

*Peter W. Heed,* attorney general (*Susan P. McGinnis,* attorney, on the brief and orally), for the State.

*David M. Rothstein,* deputy chief appellate defender, of Concord, on the brief and orally, for the defendant.

DALIANIS, J. The defendant, Thomas Wood, was convicted in Superior Court (*Mohl,* J.) of four counts of aggravated felonious sexual assault, *see* RSA 632-A:2, III (1996), and one count of possession of child pornography, *see* RSA 649-A:3 (Supp. 2002). He appeals his conviction, arguing that prosecutorial misconduct warrants a new trial and that the evidence was insufficient to convict him. We affirm.

The jury could have found the following facts. Zachary E. began spending time with the defendant when he was ten years old. He frequently spent weekends at the defendant's house, where he watched movies and played with video games and toys that the defendant bought for him. When Zachary E. was ten or eleven years old, the defendant began to make sexual gestures toward him. The defendant first fondled Zachary E.'s genitals when he was eleven and in the fourth or fifth grade, and the fondling continued almost every weekend Zachary E. spent with the defendant during his fifth and sixth grade years. When Zachary E. was twelve years old the defendant began performing fellatio on him. During Zachary E.'s sixth and seventh grade years, fellatio occurred more than twenty times.

Zachary E.'s friend, Jeremy M., met the defendant at the end of his fourth grade year. Jeremy M. spent time at the defendant's apartment, either with Zachary E. or alone, playing with the computer, video games, and toys. A few months after Jeremy M. began visiting the defendant, the defendant began to fondle Jeremy M.'s genitals. The defendant performed fellatio on Jeremy M. more than ten times when he was in the sixth grade and more than ten times when he was in the seventh grade.

The defendant sometimes sexually assaulted the boys while they were in the same room, so Zachary E. and Jeremy M. each witnessed the defendant sexually assault the other. At one point, the defendant took a Polaroid picture of Zachary E. and Jeremy M. posing naked as though they were engaging in anal intercourse. The sexual activity continued until

the victims were thirteen years old, when the Keene Police Department and a victim coordinator for the Strafford County Attorney's Office discovered the abuse.

At trial, during the State's closing argument, the prosecutor said:

> What does a child molester look like? How does a child molester operate? Does a child molester operate like the wind, forcing through coldness and meanness children to submit to his will? Not this child molester. This child molester was like the sun using pleasantry.... And that's how this child molester got his way with these two kids.

The defense objected to the prosecutor using the term "child molester," but did not move for a mistrial or request a curative instruction. The trial judge overruled the objection, and the prosecutor referred to the defendant as a child molester twice more during his argument.

The defendant argues that the prosecutor committed misconduct during his closing argument when he referred to the defendant as a "child molester," and, thus, the trial court erred in permitting his remarks. The defendant contends that this misconduct was so prejudicial as to require a new trial.

▉ A prosecutor's actions may constitute misconduct when, either intentionally or through gross negligence, the prosecutor produced a situation in which continuation of the tainted proceeding would result in an improper conviction. *State v. Boetti*, 142 N.H. 255, 260 (1997); *State v. Vandebogart*, 139 N.H. 145, 160 (1994). As the trial court is in the best position to gauge any prejudicial effect the prosecutor's closing remarks may have had on the jury, we review the trial court's decision for an unsustainable exercise of discretion. *State v. DeCosta*, 146 N.H. 405, 415 (2001); *see State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

▉ The defendant contends that the prosecutor's use of the term "child molester" was not connected to the evidence presented, but was rather an expression of the prosecutor's personal opinion, intended to inflame the passions of the jury. "A crime involving outrageous conduct may warrant stronger words against the accused in the closing arguments than might otherwise be justified." *State v. Smith*, 599 N.W.2d 344, 354 (S.D. 1999). The prosecutor may commit misconduct, however, when he or she professes a personal opinion, *State v. Bujnowski*, 130 N.H. 1, 4 (1987), or uses language calculated to inflame the jury's passions or prejudices, *State v. Dowdle*, 148 N.H. 345, 348 (2002).

■ In examining claims of prosecutorial misconduct during closing argument, we face the delicate task of balancing a prosecutor's broad license to fashion argument with the need to ensure that a defendant's rights are not compromised in the process. *Boetti*, 142 N.H. at 260. A prosecutor may draw reasonable inferences from the facts proven, and has great latitude in closing argument to both summarize and discuss the evidence presented to the jury and to urge the jury to draw inferences of guilt from the evidence. *Vandebogart*, 139 N.H. at 160.

■ In this case, the State had presented a considerable amount of evidence that the defendant had repeatedly sexually molested the two minor victims. When the prosecutor used the term "child molester," he related it to evidence that the defendant exploited his trusting relationship with the two victims. The prosecutor referred to the defendant in a way that reasonably could be inferred from the evidence presented. In context, the term "child molester" "appears to have merely summarized the prosecutor's contention that [the defendant] was guilty of sexually abusing two minors," and was not being used to express his personal opinion. *Henry v. State*, 861 P.2d 582, 588 (Alaska Ct. App. 1993). Therefore, while we find no prosecutorial misconduct in this case, we find the argument troubling because a prosecutor "differs from the usual advocate in that his or her duty is to seek justice, not merely to obtain convictions." *Boetti*, 142 N.H. at 260. Although we consider this a close case, the trial court's decision to overrule the defendant's objection is sustainable.

The defendant next argues that there was insufficient evidence to satisfy the State's burden of proof. To preserve this issue for appellate review, the defendant was required to make a contemporaneous and specific objection below. *See State v. Williams*, 142 N.H. 662, 669 (1998); *State v. McAdams*, 134 N.H. 445 (1991).

In this case, the defendant moved to dismiss the charges alleging that the indictments were insufficient. After lengthy arguments about the sufficiency of the indictments, the defendant noted that he would later make a "sufficiency" argument. Even assuming that he meant a "sufficiency of the evidence" argument, we note that he failed to make a subsequent specific objection to the sufficiency of the evidence. Since he did not afford the trial court the opportunity to correct an error it may have made, or to clearly explain why it did not make an error, the defendant did not properly preserve his sufficiency of the evidence argument; thus, we will not consider it on appeal. *State v. Sullivan*, 142 N.H. 399, 403 (1997).

The defendant received permission to file a supplemental *pro se* brief addressing additional issues that were raised in the notice of appeal. He failed to file a *pro se* brief, however, and therefore waived any issues not addressed by appellate counsel.

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU and DUGGAN, JJ., concurred.