Hillsborough-northern judicial district
No. 2009-570

### THE STATE OF NEW HAMPSHIRE

v.

### EDGAR GORDON

Argued: November 10, 2010
Opinion Issued: January 26, 2011

*Michael A. Delaney*, attorney general (*Stephen D. Fuller*, senior assistant attorney general, on the brief and orally), for the State.

*Pamela E. Phelan*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

DALIANIS, C.J. The defendant, Edgar Gordon, appeals his conviction after a jury trial for attempted burglary. *See* RSA 629:1 (2007); RSA 635:1 (2007). On appeal, he argues that the Superior Court (*O'Neill*, J.) erroneously denied his motion to dismiss for insufficient evidence and his motion *in limine* to exclude evidence that, at the time of the attempted burglary, he was homeless, living in his car, and unemployed. We reverse and remand.

The jury could have found the following facts. The victim lives on a secluded 2.75 acre lot on Nathan Lord Road in Amherst. At 9:00 a.m. on September 6, 2007, she came home to find a strange car in her driveway. The car had Louisiana license plates and was parked near her garage. From her car, the victim saw the defendant pulling "really hard" on the screen door of the back porch, which was adjacent to the garage. The victim rolled down her car window and asked the defendant if she could help him. She thought he appeared anxious. The defendant said that he was looking for Whittemore Lane, which connects with Nathan Lord Road. The victim told him that he was not on Whittemore Lane and offered to back her car out of the driveway so that he could move his car. The victim pulled her car out onto the street, and the defendant followed in his car. When the cars were next to each other, the victim suggested that the defendant ask her neighbor, whom she said was a police officer, for directions. The defendant asked where the policeman lived, and the victim told him. He then "sped off" in the opposite direction. The victim attempted to follow, but was unable to find him. Upon returning home, she called the police because she felt uncomfortable about the encounter.

The police issued an alert for a man and a car matching the description the victim gave them. Four days later, a Nashua police officer pulled over a car matching the description given. The officer identified the defendant as the car's driver. The defendant told the officer that he lived in Lowell, Massachusetts, and that he was driving his boss's car. Later the defendant told another officer that, in fact, he was unemployed and homeless. The defendant told this officer that he had been in Louisiana for about eighteen months before arriving in New Hampshire and that he had been in New Hampshire for about five or six weeks, living in his car. After being shown photographs of the victim's home, the defendant admitted that he had been

there. The victim later identified the defendant in a line-up as the man who had been at her home and identified his car as the car she saw in her driveway.

The defendant was charged with attempted burglary. The indictment alleged that he took a substantial step toward committing the crime of burglary, when, without authority, and with the purpose of committing burglary and a theft, he purposely attempted to enter the victim's home. *See* RSA 629:1, I; RSA 635:1. Before trial, the defendant moved *in limine* to exclude evidence of his financial status, including evidence that he was indigent and living in his car. The trial court denied the motion, and the case proceeded to trial. At the close of the State's case, the defendant moved to dismiss the attempted burglary charge based upon insufficient evidence. The trial court denied the motion.

On appeal, the defendant first argues that the trial court erred by denying his motion *in limine* to exclude evidence that he was indigent and living in his car. He asserts that this evidence was inadmissible under New Hampshire Rule of Evidence 403 because its probative value was substantially outweighed by the danger of unfair prejudice. The State disagrees and also argues that even if admission of the evidence was error, it was harmless.

We review the trial court's ruling for an unsustainable exercise of discretion and will reverse only if it was clearly untenable or unreasonable to the prejudice of the defendant's case. *State v. Nightingale*, 160 N.H. 569, 573 (2010). Because the trial court ruled upon the admissibility of the challenged evidence before trial, we consider only the offers of proof presented at the pretrial hearing. *See id.* "We so limit our review to avoid the pitfall of justifying the court's pretrial ruling upon the defendant's response at trial to the evidence." *Id.* (quotation omitted).

█ Under Rule 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Evidence is unfairly prejudicial if its primary purpose or effect is to appeal to a jury's sympathies, arouse its sense of horror, provoke its instinct to punish, or trigger other mainsprings of human action that may cause a jury to base its decision upon something other than the established propositions in the case. *Id.* at 574. Unfair prejudice is not, of course, mere detriment to a defendant from the tendency of the evidence to prove guilt, in which sense all evidence offered by the prosecution is meant to be prejudicial. *Id.* Rather, the prejudice required to predicate reversible error is an undue tendency to induce a decision against the defendant on some

improper basis, commonly one that is emotionally charged. *Id.* Among the factors we consider in weighing the evidence are: (1) whether the evidence would have a great emotional impact upon a jury; (2) its potential for appealing to a juror's sense of resentment or outrage; and (3) the extent to which the issue upon which it is offered is established by other evidence, stipulation or inference. *Id.* at 574-75.

The trial court is in the best position to gauge the prejudicial impact of particular testimony, and what steps, if any, are necessary to remedy that prejudice. *Id.* at 575. Thus, we give the trial court broad latitude when ruling on the admissibility of potentially unfairly prejudicial evidence. *Id.*

First, we consider the probative value of the evidence. *Id.* This entails analyzing how relevant the evidence is. *Id.* Relevant evidence may have limited probative value. *Id.* Here, the defendant was charged with attempted burglary, which required the State to prove that he took a substantial step towards committing the crime of burglary. *See* RSA 629:1, I. The crime of burglary consists of two elements: (1) unauthorized entry; and (2) an intent to commit a crime therein. RSA 635:1; *see State v. Costello*, 159 N.H. 113, 118 (2009). The trial court found that evidence of the defendant's financial situation was relevant to show motive and probative to show that he acted purposely. The defendant does not dispute these findings, although he argues that the probative value of the challenged evidence was "marginal."

"Motive has been defined as supplying the reason that nudges the will and prods the mind to indulge in criminal intent." *Costello*, 159 N.H. at 119 (quotation omitted). Here, evidence that the defendant was in financial straits when he was found by the victim to be pulling hard on her porch door was relevant to show that he had a motive to enter the victim's home unlawfully and to commit a crime therein. It was also probative to show that he acted purposely.

We agree, with the defendant, however, that whatever probative value the evidence had was minimal. As the Ninth Circuit Court of Appeals has explained:

> Poverty as proof of motive has in many cases little tendency to make theft more probable. Lack of money gives a person an interest in having more. But so does desire for money, without poverty. A rich man's greed is as much a motive to steal as a poor man's poverty. Proof of either, without more, is likely to amount to a great deal of unfair prejudice with little probative value.
>
> . . . The problem with poverty evidence without more to show motive is not just that it is unfair to poor people, as Wigmore says,

but that it does not prove much, because almost everyone, poor or not, has a motive to get more money. And most people, rich or poor, do not steal to get it.

*United States v. Mitchell*, 172 F.3d 1104, 1108-09 (9th Cir. 1999); *see People v. Andrews*, 276 N.W.2d 867, 868-69 (Mich. Ct. App. 1979).

■ Next, we consider whether the danger of unfair prejudice to the defendant from admission of this evidence substantially outweighed its probative value. *Nightingale*, 160 N.H. at 575. We have previously recognized that evidence of a defendant's desperate financial status standing alone is inherently prejudicial. *See State v. Kim*, 153 N.H. 322, 330 (2006). Although it was decided in the context of Rule 404(b), we find our decision in *Kim* to be instructive.

The defendant in *Kim* was charged with murdering two brothers. *See Kim*, 153 N.H. at 323-24. The defendant conceded that evidence that his financial condition had worsened, he had extensive gambling debts, and had given his mistress money after the crimes, was admissible. *Id.* at 327. He argued that the details about how he came to be in financial straits were inadmissible because they reflected "immoral and wrong" conduct. *Id.* at 326 (quotation omitted). Because the focus of the evidence was not merely upon the defendant's poverty, but was, instead, upon "the fact that [his] lifestyle had driven him to financial ruin," we found the evidence of the defendant's worsening financial condition to be highly probative of his motive to rob and murder the victims. *Id.* at 330, 331. We ruled that "while debt from legal gambling and having a mistress have a potential for prejudice, . . . evidence of this nature [is not] so inherently prejudicial as to outweigh its probative value." *Id.* at 331.

■ In this case, unlike *Kim*, the focus of the challenged evidence is *solely* upon the defendant's poverty and the danger of unfair prejudice from admitting evidence of the defendant's poverty substantially outweighs its minimal probative value. *See Mitchell*, 172 F.3d at 1110. The danger of unfair prejudice stems from the danger that the jury will determine the defendant's guilt or innocence based upon economic prejudices about poverty, rather than upon his criminal conduct. *See id.*

■ Because we conclude that admission of evidence that the defendant was poor and lived in his car was error, we next analyze whether the error was harmless beyond a reasonable doubt. An error is harmless only if it is determined, beyond a reasonable doubt, that the verdict was not affected by the error. *State v. Hernandez*, 159 N.H. 394, 402 (2009). The State bears the burden of proving that an error is harmless. *Id.* An error may be harmless beyond a reasonable doubt if the alternative evidence of a

defendant's guilt is of an overwhelming nature, quantity or weight and if the inadmissible evidence is merely cumulative or inconsequential in relation to the strength of the State's evidence of guilt. *Id.* In making this determination, we consider the alternative evidence presented at trial as well as the character of the inadmissible evidence itself. *Id.*

For the jury to convict the defendant of attempted burglary, the State had to prove, beyond a reasonable doubt, that the defendant took a substantial step towards an unauthorized breaking and entering of the victim's home coupled with the specific intent to commit a crime therein. *See State v. Hanley,* 116 N.H. 235, 236-37 (1976); RSA 629:1, I; RSA 635:1. The alternative evidence of the defendant's guilt included the victim's testimony that she came upon him pulling hard on the door to her screened-in porch, which was located in the back of the residence. The victim testified that when she asked if she could help the defendant, he appeared anxious. She also testified that when she suggested that the defendant ask her neighbor, a police officer, for directions, the defendant "sped off." The evidence also included testimony that the defendant originally told the police that he was from Lowell, Massachusetts, when, in fact, he was not, and that the car he was driving belonged to his boss, when, in fact, it did not. This alternative evidence of the defendant's guilt was not so overwhelming that evidence that he was poor and living in his car was merely cumulative or inconsequential. Accordingly, we conclude that the erroneous admission of evidence of the defendant's financial status was not harmless beyond a reasonable doubt.

The defendant next asserts that the evidence was insufficient to convict him of attempted burglary. Before addressing this argument, we analyze whether the defendant has preserved it for our review. At trial, the defendant moved to dismiss the charge against him "based on sufficiency of the evidence." The State contends that this motion "was not sufficiently specific" to preserve his arguments for our review. We disagree.

The general rule in this jurisdiction is that a contemporaneous and specific objection is required to preserve an issue for appellate review. *State v. Ericson,* 159 N.H. 379, 386 (2009). The objection must state explicitly the specific ground of objection. *Id.* The purpose underlying our preservation rule is to afford the trial court an opportunity to correct any error it may have made before those issues are presented for appellate review. *State v. Dowdle,* 148 N.H. 345, 347 (2002).

For instance, in *State v. Wood,* 150 N.H. 233, 236 (2003), upon which the State relies, we held that the defendant's motion to dismiss did not preserve his sufficiency of the evidence argument for our review because it did not state sufficiency of the evidence as a ground of objection. In his

motion to dismiss, the defendant in *Wood* argued that the *indictments* were insufficient. *Wood*, 150 N.H. at 236. Because he never argued in the trial court that the evidence was insufficient, we held that he had not preserved his sufficiency of the evidence argument for our review. *Id.*

We similarly held in *State v. Dilboy*, 160 N.H. 135, 163-64 (2010), that the defendant's motion to dismiss, which failed to state sufficiency of the evidence as a ground of objection, did not properly preserve his sufficiency arguments for our review. In that case, "the defendant moved to dismiss the two negligent homicide charges, arguing that the indictments were vague and that suffering from [drug] withdrawal was not enough to show he was 'under the influence' of a controlled drug." *Dilboy*, 160 N.H. at 163. He never argued, however, that the evidence was insufficient to prove that he was under the influence. *Id.* We held that his motion to dismiss, which did not refer to sufficiency of the evidence, failed to "afford the trial court the opportunity to correct an error it may have made, or to clearly explain why it did not make an error," and, thus, did not preserve his sufficiency argument for our review. *Id.* at 163-64.

 Here, by contrast, the defendant specifically moved to dismiss the State's case on the ground that the evidence to convict him was insufficient. Nothing more was required to preserve his sufficiency of the evidence argument for our review.

 We address the defendant's arguments about the sufficiency of the evidence "because if the evidence was insufficient to support the conviction, the Double Jeopardy Clauses of both the New Hampshire and United States Constitutions would preclude a new trial." *State v. Horak*, 159 N.H. 576, 582 (2010) (quotation omitted). In determining whether the evidence was sufficient, however, we consider all the evidence, including evidence that was erroneously admitted. *See id.*; *Lockhart v. Nelson*, 488 U.S. 33, 34 (1988).

 "To prevail on his challenge to the sufficiency of the evidence, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt." *Horak*, 159 N.H. at 583 (quotation omitted). As previously discussed, to convict the defendant of attempted burglary, the State had to prove beyond a reasonable doubt that the defendant took a substantial step towards an unauthorized breaking and entering of the victim's home coupled with the specific intent to commit a crime therein. *See Hanley*, 116 N.H. at 236-37; RSA 629:1, I; RSA 635:1.

■ Viewing the evidence in the light most favorable to the State, we conclude that a rational trier of fact could have found that the State met its burden of proof on these elements. Specifically, a rational trier of fact could have found that the defendant took a substantial step towards committing the crime of burglary when, without the victim's permission, he pulled on the door of her screened-in porch. A rational trier of fact could also have found that he acted with the specific intent of committing a crime inside the victim's home. Therefore, we hold that the evidence was sufficient to convict the defendant of attempted burglary.

*Reversed and remanded.*

DUGGAN, HICKS and CONBOY, JJ., concurred.