# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2013-0673, <u>State of New Hampshire v. Marc Mallard</u>, the court on January 21, 2015, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case.

The defendant, Marc Mallard, appeals his convictions following a jury trial for second degree assault, RSA 631:2, I(f) (Supp. 2014), attempted second degree assault, RSA 629:1 (2007); RSA 631:2, I(f), simple assault, RSA 631:2-a (2007), and criminal threatening, RSA 631:4, I(d) (2007). He argues that the Superior Court (<u>McNamara</u>, J.) erred in: (1) giving a curative instruction to address a statement made by his counsel in his closing argument; and (2) denying his motion to dismiss three of the charges at the close of evidence. We affirm.

We briefly summarize the record before us. The defendant and the victim first met in 2006 and began a relationship approximately six months later. After they had a child together in 2008, their relationship deteriorated. The defendant began seeing other women; he and the victim saw each other sporadically.

In March 2012, the defendant appeared at the victim's apartment "in the middle of the night." When she let him in, he was "agitated" because the victim had been communicating on Facebook with his then girlfriend. They went to her bedroom where the defendant punched her in the face. He also told her that "[she] was going to die" and wrapped a belt around his hand and tried to put it around her neck. He then threw her on the bed and choked her. At some point, he apologized and left the apartment. The victim did not report the assaults until approximately one month later.

After the defendant was arrested for the March 2012 assaults, but before trial, he filed a motion <u>in limine</u>, requesting that the court exclude evidence of his "other bad acts," including his convictions for assaults that he had committed against the same victim in April 2012. The court granted the motion.

During his closing argument, defense counsel cited both the victim's delay in reporting the March assaults and her testimony that the defendant was seeing another woman and argued: "Oh, yeah. How about another woman? Gee, might that be a motivator to accuse someone, to embellish a story to get someone in trouble? . . . [D]idn't go to the police until 30 days later." The State objected, arguing: "We already tried the case that underlies why [the victim] gave a

statement." The State asserted that the "inference that she came forward of her own, 30 days later, because she's got some grudge is not the facts of this case." During a colloquy at the bench, the court proposed instructing the jury that there was no evidence in the case that the victim "was motivated by jealousy or personal animosity." Defense counsel rejected the reference to "personal animosity" but agreed that an instruction that there was no evidence in the case that the victim was motivated by jealousy to report the March assaults was "appropriate." The trial court then gave the following curative instruction: "Ladies and gentlemen, there is no evidence in this case that [the victim] was motivated by jealousy as a reason for coming forward in this case, and you should not consider that as evidence." The defendant was subsequently convicted, and this appeal followed.

The defendant first argues that the trial court committed plain error when it gave the curative instruction. He argues that, because both parties had "introduced evidence from which a rational juror could infer that [the victim] may have been motivated by jealousy" to come forward, the curative instruction "invaded the province of the jury." The defendant's appellate counsel asserted at oral argument that a reasonable juror would have interpreted the curative instruction to mean that jealousy should not be considered for any purpose.

Under the plain error rule, we may consider errors not raised before the trial court. State v. Fischer, 165 N.H. 706, 718 (2013); Sup. Ct. R. 16-A. The rule should be used sparingly, its use limited to those circumstances in which a miscarriage of justice would otherwise result. State v. Richard, 160 N.H. 780, 788 (2010). To find plain error: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of the judicial proceedings. Id.

For the purposes of our plain error analysis, we will assume without deciding that the trial court erred. Because our determination as to the fourth prong of the plain error test is dispositive, we begin our analysis there and need not consider the other three prongs. Under the fourth prong, we must determine whether the trial court's error seriously affected the fairness, integrity or public reputation of the judicial proceedings. State v. Russell, 159 N.H. 475, 491 (2009). "The fourth prong is meant to be applied on a case-specific and fact-intensive basis." Id. (quoting Puckett v. United States, 129 S. Ct. 1423, 1433 (2009) (quotation omitted)).

In this case, the victim disclosed the March 2012 assaults during an investigation of subsequent assaults committed by the defendant against her in April 2012. At the time of the trial on the March assaults, the defendant had already been convicted of the April assaults. Evidence concerning the April assaults and the defendant's resulting convictions was excluded from trial in this case as a result of the defendant's motion in limine, in which he argued that the evidence was "highly prejudicial." After successfully precluding introduction of

evidence that could explain the reason for and timing of the victim's disclosure, defense counsel then attributed her delayed disclosure to jealousy.

Given the record before us, we are not persuaded that the trial court's purported error seriously affected the fairness, integrity or public reputation of the judicial proceedings. We note that the trial court did not instruct the jury that it could not consider jealousy for any purpose – but rather that it could not consider "that the victim was motivated by jealousy as a reason for coming forward" (emphasis added); nor did it bar the jury's consideration of the fact that the victim may have been motivated by personal animosity. Accordingly, we decline to exercise our discretion under the fourth prong of our plain error rule to reverse the defendant's convictions.

The defendant also argues that the trial court erred in denying his motion to dismiss, for lack of sufficient evidence, three of the four charges: second degree assault, attempted second degree assault, and criminal threatening. To prevail on his challenge to the sufficiency of the evidence, the defendant must establish that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. State v. Dorrance, 165 N.H. 162, 164 (2013).

The defendant concedes that the victim established "the factual elements" of the three challenged convictions in her testimony. The record reveals that she testified in detail about the March 2012 events, including that the defendant choked her with his hands, attempted to strangle her with his belt, and told her that he was going to kill her. The defendant argues, however, that because the victim's testimony "was marred by vague or confused responses, inconsistencies and improbable claims," no reasonable person could have found him guilty of the three cited offenses. To support his characterization of her testimony, he cites: (1) her testimony that the assault lasted for twenty minutes and that neither of her children was awakened; (2) her testimony that she couldn't remember how she ended up on her bed when the defendant was choking her; (3) the absence of testimony that she sought medical treatment for a neck injury or that any witness observed marks on her neck subsequent to the March assault; and (4) the contrast between her detailed trial testimony and her original statement taken thirty days after the assault in which she stated that "[she] honestly couldn't tell [the detective] how it had even happened."

We are not persuaded by the defendant's argument. The evaluation of a witness's credibility is within the province of the jury. State v. Oakes, 161 N.H. 270, 276 (2010). The jury was free to accept or reject any portion of the victim's testimony in its deliberations. See id. When there is a conflict in factual testimony, we defer to the findings of the jury unless no reasonable person could have come to the same conclusion. Id. The testimony cited by the defendant does not meet this standard.

3

Issues which the defendant raised in his notice of appeal but did not brief are deemed waived. See State v. Bisbee, 165 N.H. 61, 69 (2013).

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**