**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**


**In Case No. 2014-0321, <u>State of New Hampshire v. Robert C. Frink</u>, the court on May 21, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Robert C. Frink, appeals his conviction for driving while under the influence of intoxicating liquor, <u>see</u> RSA 265-A:2, I (2014), arguing that the evidence was insufficient to prove intoxication and that the finding of guilt by the Circuit Court (<u>Boynton</u>, J.) was contrary to the weight of the evidence.

The defendant first argues that the evidence was insufficient to support the conviction. "When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>State v. Zubhuza</u>, 166 N.H. 125, 128 (2014) (quotation omitted). "We consider all the evidence and all reasonable inferences therefrom in the light most favorable to the State." <u>Id</u>. (quotation omitted). "The defendant bears the burden of demonstrating that the evidence was insufficient to prove guilt." <u>Id</u>. (quotation omitted).

RSA 265-A:2, I, provides, in pertinent part: "No person shall drive . . . a vehicle upon any way . . . [w]hile such person is under the influence of intoxicating liquor." To establish that he was "under the influence of intoxicating liquor," the State needed to prove only that he was impaired to any degree. <u>State v. MacDonald</u>, 156 N.H. 803, 804 (2008).

The State's first witness was a restaurant server who testified that on January 21, 2013, between approximately 1:44 p.m. and 2:32 p.m., the times shown on a bar tab that was introduced into evidence, she served the defendant two sixteen-ounce beers and a single, one-ounce shot of whiskey. The following witness, one of the restaurant's owners, testified that he arrived at the restaurant later that afternoon and that, in response to a request from the arresting officer, he located the defendant's bar tab and gave it to the police department. The owner testified that, in the officer's presence, he received a telephone call from the defendant, a long-time friend, during which the defendant informed him that

he had been stopped by the police, and that he had told the officer that he had not had anything to drink, "to save us from getting in trouble."

The arresting officer testified that he, prior to the arrest, was parked at the post office across the street from the restaurant parking lot to observe traffic. After observing that the defendant failed to use a turn signal when pulling out of the parking lot, he decided to stop the defendant for a traffic violation. However, the officer decided not to pull him over immediately because he had turned onto Route 202, there was "a fair amount of traffic," and the guardrails were close to the roadway. The officer observed that the defendant's truck crossed the white fog line twice before making a left turn onto Foster Hill Road, turning "well before the proper turn lane." The officer stopped the defendant's vehicle on Foster Hill Road. When he approached the vehicle, the officer noticed an odor of alcoholic beverage coming from the interior of the vehicle. He observed that the defendant's eyes were bloodshot and "glossy." The defendant denied having consumed any alcoholic beverage and consented to the administration of field sobriety tests (FSTs). The officer observed that the defendant was having difficulty balancing as he walked to the rear of the vehicle, and he could detect an odor of alcohol emanating from the defendant.

The officer first asked the defendant to perform the Horizontal Gaze Nystagmus (HGN) test. After observing a lack of smooth visual pursuit and sustained nystagmus, the officer determined that the results indicated impairment. The officer then asked the defendant to perform the walk-and-turn test. The defendant was unable to maintain the start position, started too soon, failed to touch heel to toe several times, and used his arms for balance. The officer testified that the presence of two or more clues is indicative of impairment, and that the defendant showed five clues of a maximum of eight clues. On the one-leg-stand test, the officer observed that the defendant had a difficult time balancing and could not keep his foot up. The officer testified that two or more clues are indicative of impairment, and that the defendant showed three clues of a maximum of four. After conducting the three FSTs, the officer arrested the defendant for driving while impaired and transported him to the police station. During the drive to the station, the officer noted an odor of alcoholic beverage in his cruiser that had not been present previously. At the station, the defendant refused to sign the administrative license suspension form and refused to take a breath test, stating that his lawyer had advised him never to take a test.

The defendant first argues that the officer knew or should have known that he could not have lawfully stopped him for a traffic violation after he turned onto Maple Street because there is no requirement to use turn signals when entering a public way from a parking lot. However, the record shows that the officer did not stop the defendant immediately after his vehicle exited the parking lot. Moreover, the defendant did not move to suppress evidence of his intoxication based upon a

2

claim that the officer conducted an illegal traffic stop. Accordingly, we consider this argument only in the context of his challenge to the sufficiency of the evidence of intoxication.

The defendant also argues that the officer's testimony that it was unsafe to stop the defendant's vehicle on Route 202 lacked credibility. He also argues that the officer's testimony regarding impairment was inconsistent with the observations of the server, who testified that the defendant showed no signs of impairment. The evaluation of witness credibility and the weight to be given to the witnesses' testimony were issues for the trial court to resolve. State v. Oakes, 161 N.H. 270, 276 (2010). When there is conflicting factual testimony, we defer to the trial court's findings unless no reasonable person could have come to the same conclusion. Id.

The defendant further argues that, as a matter of law, the trial court should not have considered the results of the HGN test because the officer did not conduct the test correctly. However, the defendant did not object to the admission of this evidence at trial. Accordingly, we conclude that the issue is not preserved. See State v. Gordon, 161 N.H. 410, 417 (2011) (contemporaneous and specific objection is required to preserve an issue for appellate review).

In addition, the defendant argues that the court should not have considered the results of the walk-and-turn test or the one-leg stand test because he had not been advised of his implied consent rights. See RSA 265-A:8 (2014). The officer testified that he arrested the defendant after the conclusion of the three FSTs. The defendant argued, in the context of his motion to dismiss, that after the officer concluded that he was impaired based upon his performance on the HGN test, "he was [not] going to be released under any circumstances," so that the remaining tests "become post-arrest or post-seizure, evidence gathering exercises" requiring administration of implied consent rights. However, the defendant did not object to the admission of this evidence at trial. Nor did he move to suppress the evidence on this basis. Accordingly, we conclude that this issue is not preserved. See Gordon, 161 N.H. at 417.

Based upon this record, we conclude that the evidence was sufficient to prove beyond a reasonable doubt that the defendant was impaired when driving. See MacDonald, 156 N.H. at 804.

The defendant next argues that even if the State's evidence was sufficient to support the conviction, the trial court's decision was contrary to the weight of the evidence. Assuming, without deciding, that this argument may properly be made in the context of a bench trial, but see State v. Spinale, 156 N.H. 456, 465-68 (2007) (addressing issue in context of jury trial), and that the defendant

preserved the issue for review, <u>but</u> <u>see</u> <u>State v. Blackmer</u>, 149 N.H. 47, 48 (2003) (we will not review an issue that appellant did not raise in trial court), we conclude that the trial court's decision is not contrary to the weight of the evidence, <u>see</u> <u>Spinale</u>, 156 N.H. at 366.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**

4