# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0425, <u>State of New Hampshire v. George J. Sartorelli</u>, the court on July 31, 2017, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, George J. Sartorelli, appeals an order of the Superior Court (<u>Tucker</u>, J.) directing the State to permanently remove certain forfeited photographs from two cellular telephones prior to returning the phones to him and authorizing the State to remove all the data from the phones if it determines that the photographs cannot otherwise be permanently removed. <u>See</u> RSA 595-A:6 (2001). He contends that the trial court erred by: (1) not finding whether the photos may be removed permanently without removing all the data; (2) delegating that determination to the State; and (3) violating his due process rights by allowing the State to destroy non-forfeited data. <u>See</u> <u>State v. Gero</u>, 152 N.H. 379, 386-87 (2005) (establishing due process test to identify forfeited property).

The defendant has the burden to demonstrate that the issues on appeal have been raised before the trial court. <u>Town of Atkinson v. Malborn Realty Trust</u>, 164 N.H. 62, 69 (2012); <u>see</u> <u>State v. Wood</u>, 150 N.H. 233, 236 (2003). The trial court must have had the opportunity to consider any issues asserted by the appellant on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. <u>Super. Ct. Crim. R.</u> 43(a); <u>see</u> <u>N.H. Dep't of Corrections v. Butland</u>, 147 N.H. 676, 679 (2002). These rules are not relaxed for self-represented parties. <u>See</u> <u>State v. Porter</u>, 144 N.H. 96, 100-01 (1999).

In this case, because the defendant has not demonstrated that he preserved his arguments for our review, we decline to address them. <u>See</u> <u>Malborn Realty Trust</u>, 164 N.H. at 69-70.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**