**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**


**In Case No. 2022-0474, <u>State of New Hampshire v. Edward Bou-Nassif</u>, the court on November 30, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The defendant, Edward Bou-Nassif, appeals his conviction, following a trial in the Circuit Court (<u>Tenney</u>, J.), on two class B misdemeanor charges of knowingly making a false entry in, or false alteration to, a public or private record or writing with the purpose to deceive or injure another. <u>See</u> RSA 638:3 (2016). With respect to one conviction, the trial court imposed a fine of $500 plus a penalty assessment of $120, with an additional $500 and penalty assessment of $120 suspended for two years, and with respect to the other conviction, it imposed a fine of $1,000 plus a penalty assessment of $240, all of which it suspended for two years. The defendant argues that the evidence was insufficient to support his convictions. The State counters, in part, that because the defendant failed to seek dismissal of the case based upon insufficient evidence, his arguments are not preserved. We agree that the defendant's arguments are not preserved, and therefore, we affirm.

It is well settled that to preserve an argument that the evidence was insufficient to support a criminal conviction, the defendant generally must challenge the sufficiency of the evidence to support the conviction by appropriate motion at the close of the evidence. <u>See</u> <u>State v. McAdams</u>, 134, N.H. 445, 446-47 (1991); <u>see</u> <u>also</u> <u>State v. Wood</u>, 150 N.H. 233, 236 (2003) (holding that motion to dismiss for insufficient indictments did not preserve challenge to sufficiency of the evidence). In this case, the defendant does not dispute that at no point prior to the close of the evidence did he seek dismissal of either criminal charge on the basis that the State had failed to submit sufficient evidence to support a conviction. Nor does he argue that, under the circumstances of this case, his conviction on the class B misdemeanor charges amounts to a plain error affecting his substantial rights. <u>Sup. Ct. R.</u> 16-A; <u>see</u> <u>State v. Leroux</u>, 175 N.H. 204, 210 (2022) (declining to address issue as plain error when the defendant failed to raise plain error rule); <u>but</u> <u>cf</u>. <u>State v. Guay</u>, 162 N.H. 375, 380-84 (2011) (holding that conviction on <u>felony</u> charge of aggravated felonious sexual assault based on insufficient evidence amounted to plain error affecting the defendant's substantial rights). Indeed, we note that addressing the defendant's insufficiency of evidence arguments would require us to engage in statutory interpretation of RSA 638:3, a statute we have not yet had occasion to interpret. <u>See</u> <u>State v. Emery</u>, 152 N.H. 783, 787 (2005)

(holding that trial court's alleged error in instructing jury that defendant could be convicted of stealing from her own joint account could not have been "plain" because we had never addressed whether a party may be convicted of stealing by making unauthorized withdrawals from a joint account).

Instead, the defendant argues that the requirement that he seek dismissal of the charges on insufficiency of the evidence grounds to preserve his insufficiency of the evidence arguments on appeal should not apply because, he asserts, the policy underlying the requirement does not apply in a bench trial. To the contrary, the rationale underlying our preservation rules applies equally to cases tried to a jury and to those tried to a trial judge. See Leroux, 175 N.H. at 209-10 (finding issue not preserved in a bench trial, and noting policy rationale underlying preservation requirement); McAdams, 134 N.H. at 446-47 (discussing policy rationale for preservation requirement). Because the defendant did not preserve his insufficiency of the evidence arguments, we affirm his convictions.

Affirmed.

Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**