**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0513, <u>L.A. v. Z.A.</u>, the court on February 13, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(2).  The defendant, Z.A., appeals the order of the Circuit Court (<u>Tessier</u>, J.), following a hearing, granting a domestic violence final order of protection to the plaintiff, L.A.  <u>See</u> RSA 173-B:5 (2022).  He argues that the trial court erred by: (1) finding the evidence sufficient to support the order; (2) violating his constitutional due process rights; (3) relying upon hearsay evidence; and (4) failing to make sufficient factual findings.  We affirm.

We first address the defendant's argument that the evidence was insufficient to support the court's order.  To be granted a domestic violence final order of protection, the plaintiff must establish, by a preponderance of evidence, that the defendant engaged in "abuse."  RSA 173-B:5, I.  "Abuse" means the commission or attempted commission of one or more enumerated crimes by a family or household member or a current or former sexual or intimate partner when such conduct "constitute[s] a credible present threat" to the plaintiff's safety.  RSA 173-B:1, I (2022); <u>see</u> <u>S.C. v. G.C.</u>, 175 N.H. 158, 163 (2022).  The enumerated crimes that may constitute abuse include stalking as defined in RSA 633:3-a (Supp. 2023).  <u>See</u> RSA 173-B:1, I(d).

"Stalking" includes "[p]urposely, knowingly, or recklessly engag[ing] in a course of conduct targeted at a specific person which would cause a reasonable person to fear for his or her personal safety . . . and the person is actually placed in such fear."  RSA 633:3-a, I(a).  A course of conduct "means 2 or more acts over a period of time, however short, which evidences a continuity of purpose," and includes, but is not limited to, "[f]ollowing, approaching, or confronting that person," "[a]ppearing in close proximity to, or entering the person's . . . place of employment . . . or other place where the person can be found," and "[p]lacing an object on the person's property."  RSA 633:3-a, II(a)(2), (3) & (5).

The trial court's "findings of facts shall be final, but questions of law may be transferred from the circuit court to the supreme court."  RSA 173-B:3, VI (2022).  We review sufficiency of the evidence claims as a matter of law, upholding the trial court's findings and rulings unless they lack evidentiary support or are tainted by legal error.  <u>S.C.</u>, 175 N.H. at 162.  We view the

evidence in the light most favorable to the prevailing party, here, the plaintiff. Id. at 163.

The trial court found that the defendant engaged in stalking by placing a tracker in the plaintiff's vehicle and trespassing at her place of employment. The court found that the defendant told the plaintiff that "he would have a hard time not killing [the] new guy in her life," and that he would "do anything to get her fired." The court found that the defendant was a credible present threat to the plaintiff's safety because he "communicates to [p]laintiff that he knows her whereabouts," that he previously threatened the plaintiff, and that the plaintiff is in fear.

At the start of the hearing, the plaintiff affirmed that the allegations in the affidavit supporting her petition were true and accurate. The defendant has not provided a copy of the affidavit. Accordingly, we must assume that it supports the trial court's decision. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). The plaintiff testified that, two years earlier, "when [she] left [the defendant] the first time," she "did find a tracking device." She testified that, after the parties' more recent separation, the defendant "was going to the neighbors to get video surveillance of the house to . . . see who was coming in and out." She testified that the defendant would "call and text [her] nonstop." She testified that "one time he came to visit for a weekend," when she was staying in another state, and that he later told her "that he actually stayed for two weeks to watch [her] to make sure [she] wasn't doing anything." The plaintiff testified that the defendant "said that he knows all my neighbors and he knows . . . who's coming and going from my apartment as well." The plaintiff's employer testified that the defendant came to the business several times, and that he "started making a commotion." The employer testified that he heard the defendant say that "he would do everything and anything he could in order to get her fired."

The plaintiff testified that she "feel[s] like . . . he's watching my every move," and that "it's really hard to live like somebody is always watching you, always tracking your every move." She testified that she is "always really scared," and that she "just [doesn't] know . . . where it will end," or "what it could escalate to." The employer testified that he has observed that when the defendant contacts the plaintiff, she becomes "discombobulated," "nervous," and "scared."

The defendant argues that the trial erred by crediting the testimony of the plaintiff and her witness, and by not crediting his testimony, relating to the disputed issues at the hearing. He asserts, among other things, that he inadvertently left the tracking device in a child's car seat. He argues that the plaintiff's testimony that he threatened her lacks corroborative evidence and should be given little weight. He asserts that his actions can best be explained by his concern for the welfare of the parties' children. Conflicts in testimony,

2

questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve.  In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011).  We will affirm the trial court's findings if a reasonable person could have made such findings based upon the evidence presented.  Cook v. Sullivan, 149 N.H. 774, 780 (2003).  We conclude that a reasonable person could have made the findings the trial court did based upon the evidence presented.  See id.

The defendant next argues that the trial court erred by violating his constitutional due process rights.  Specifically, he asserts that he was denied the right to a full and fair hearing, the opportunity to cross-examine witnesses, his request for a new hearing, and access to security camera footage.  It is a long-standing rule that parties may not have judicial review of matters that were not properly raised in the trial court.  Thompson v. D'Errico, 163 N.H. 20, 22 (2011); see also In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).  The general rule in this jurisdiction is that a contemporaneous and specific objection is required to preserve an issue for appellate review.  State v. Gordon, 161 N.H. 410, 417 (2011).  The defendant has failed to show that he properly raised these issues in the trial court by contemporaneous and specific objection or otherwise.  See Bean, 151 N.H. at 250.

On the contrary, when the trial court gave the defendant the opportunity to cross-examine the plaintiff, he declined.  In his motion for reconsideration, the defendant requested access to the plaintiff's workplace security camera footage "to validate [his] version of events and refute any false accusations."  However, the court advised the defendant at the final hearing that it could only consider evidence presented at the hearing.  The court was not required to re-open the record and accept additional evidence on reconsideration.  See Smith v. Shepard, 144 N.H. 262, 265 (1999).  Even if his motion for reconsideration could be construed as a properly filed request for a new hearing, we conclude that the defendant has failed to demonstrate grounds for a new hearing.  See RSA 526:1 (2021) ("A new trial may be granted in any case when through accident, mistake or misfortune justice has not been done and a further hearing would be equitable.").

The defendant next argues that the trial court erred by admitting hearsay, contrary to the New Hampshire Rules of Evidence.  The rules of evidence are relaxed in proceedings under RSA chapter 173-B.  Hemenway v. Hemenway, 159 N.H. 608, 685 (2010).  In such proceedings, the court is not bound by the technical rules of evidence and may admit evidence which it considers relevant and material.  RSA 173-B:3, VIII (2022).  Although the defendant characterized part of the testimony of the plaintiff's employer as hearsay, he did not object to its admission during the hearing.  See State v.

Gordon, 161 N.H. at 417.  We conclude that the defendant has failed to show error.

Finally, the defendant argues that the trial court failed to provide a "detailed and reasoned explanation" for its order.  We conclude that the trial court's findings, which are detailed above, are sufficient to support its order.

Any remaining arguments in the defendant's brief are insufficiently developed.  See State v. Blackmer, 149 N.H. 47, 49 (2003).

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**

4