Manchester District Court
No. 88-322

## THE STATE OF NEW HAMPSHIRE

### v.

## CLARENCE LACHAPELLE

April 11, 1990

*Elmer T. Bourque,* Manchester City Solicitor (*Thomas A. Ficarra* on the brief and orally), for the State.

*Craig & Wenners P.A.,* of Manchester (*Gary L. Casinghino* on the brief and orally), for the defendant.

## MEMORANDUM OPINION

THAYER, J.   Clarence Lachapelle (the defendant) appeals an order of the Manchester District Court (*Capistran,* J.) finding him guilty of violating section 9.01 of the Manchester Zoning Ordinance. He argues, *inter alia,* that the court erred as a matter of law in finding him guilty of changing the use of his property, where the complaint charged him only with storing unregistered vehicles and erecting a fence. We hold that the element of the violation which the defendant was found guilty of committing was not alleged in the complaint; accordingly, we reverse the conviction.

The record indicates that on April 11, 1988, the defendant was charged with a zoning violation by a complaint which alleged that

"contrary to SEC 9.01 . . . the defendant did unlawfully store unregistered cars, a camper for a pick-up and a large boat on an unregistered trailer in the front yard and did erect a fence on the said property without the benefit of a permit."

Section 9.01 of the Manchester Zoning Ordinance provides:

"It shall be unlawful for any owner or person to erect, construct, reconstruct, convert or alter a structure or change the use, increase the intensity of use, or extend or displace the use of any building, other structure or lot without applying for and receiving from the Superintendent the required permit therefor . . . ."

During trial, the defendant introduced unrebutted evidence that all of the cars and trailers that were on his property on April 11, 1988, were registered. The defendant explained that when the camper was not on a registered trailer, it was on a registered pick-up truck. With respect to the fence, the defendant claimed that the zoning ordinance governed only side yard fences and back yard fences,

and that the fence he had erected was in the middle of his property. Since it was not abutting any other property, the defendant claimed a permit was not required.

Although the complaint charged the defendant with storing unregistered vehicles on his property in violation of section 9.01, the State introduced evidence at trial that the defendant violated the ordinance by changing the use of his property from what it was when he purchased it in 1987. Following the trial, the court found that "[t]he defendant did change the use of the premises in question and did not obtain the permit as required at section 9.01 of the zoning ordinance." The court made no finding that the vehicles were not registered or that the fence was erected in violation of the ordinance.

Part I, article 15 of the State Constitution provides that "[n]o subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him. . . ." N.H. CONST. pt. I, art. 15; *see* RSA 601:4. To meet this constitutional standard, a complaint must inform a defendant "of the offense with which he is charged with sufficient specificity to enable him to prepare for trial and at the same time protect him from being put in jeopardy once again for the same offense." *State v. Carroll*, 120 N.H. 458, 460, 417 A.2d 8, 10 (1980) (citing *State v. Inselberg*, 114 N.H. 824, 827, 330 A.2d 457, 459 (1974)). It is not enough merely to state the crime with which the defendant is being charged; the complaint must include the elements of the offense with sufficient allegations to identify the offense in fact. *State v. Bussiere*, 118 N.H. 659, 662, 392 A.2d 151, 153 (1978); *State v. Sullivan*, 101 N.H. 429, 432–33, 146 A.2d 1, 4 (1958). "[T]he material facts which the State seeks to prove at trial must be substantially the same as those on which the [complaint] is based. . . ." *State v. Gilbert*, 89 N.H. 134, 136, 194 A. 728, 729 (1937).

The State argues that the defendant is precluded from attacking the sufficiency of the complaint on appeal because he failed to raise this issue during trial. This position is untenable, because the defendant is not alleging that the complaint was insufficient to charge him with unlawfully storing unregistered vehicles. Instead, he claims the complaint simply did not charge him with changing the use of his property, because this allegation did not appear anywhere on the complaint. A defendant is not required to correct the State's errors at trial; he or she is entitled to rely on the complaint as written and to defend against the charges contained therein. Because the complaint charges the defendant with storing unregistered vehicles,

4

and the court found him guilty of changing the use of his property, an offense not alleged in the complaint, we reverse the conviction.

*Reversed.*

All concurred.