Strafford
No. 2003-728

THE STATE OF NEW HAMPSHIRE

v.

VIRGINIA ANTHONY

Argued: September 9, 2004
Opinion Issued: November 30, 2004

*Kelly A. Ayotte*, attorney general (*Stephen D. Fuller*, senior assistant attorney general, on the brief and orally), for the State.

*Christopher M. Johnson*, chief appellate defender, of Concord, on the brief and orally, for the defendant.

NADEAU, J. The defendant, Virginia Anthony, appeals her conviction, following a jury trial in Superior Court (*Lewis*, J.), of accomplice to negligent cruelty to animals. *See* RSA 626:8 (Supp. 2004); RSA 644:8, III (Supp. 2004). We affirm.

The defendant was indicted on a class B felony charge of accomplice to cruelty to animals for allegedly assisting her husband, Michael Anthony, in binding a colt's four legs together with the purpose of leaving the colt on the ground, which caused the colt to suffer pain and injury. On the State's motion, the trial court instructed the jury on the lesser included offense of accomplice to negligent cruelty to animals. The jury acquitted the defendant of the felony charge, but found her guilty of the lesser included offense.

On appeal, the defendant argues that her conviction must be reversed because New Hampshire law does not recognize the crime of accomplice to negligent cruelty to animals. She relies upon *State v. Etzweiler*, 125 N.H. 57, 65 (1984) (plurality opinion), which held that under former RSA 626:8, a person could not be an accomplice to negligent homicide.

At the time *Etzweiler* was decided, RSA 626:8 provided, in part:

III. A person is an accomplice of another person in the commission of an offense if:

(a) With the purpose of promoting or facilitating the commission of the offense, he solicits such other person in committing it, or aids or agrees or attempts to aid such other person in planning or committing it; . . . .

. . . .

IV. When causing a particular result is an element of an offense, an accomplice in the conduct causing such result is an accomplice in the commission of that offense, if he acts with the kind of culpability, if any, with respect to that result that is sufficient for the commission of the offense.

RSA 626:8, IV (1996) (amended 2001).

The *Etzweiler* plurality interpreted section III of the statute as requiring the State to prove "that the accomplice acted with the purpose of promoting or facilitating the commission of the substantive offense. This encompasses the requirement that the accomplice's acts were designed to aid the primary actor in committing the offense and that the accomplice had the purpose to make the crime succeed." *Etzweiler*, 125 N.H. at 63-64 (quotation and citation omitted). Because the plurality also determined that the State must prove the elements of both sections III and IV to establish accomplice liability under RSA 626:8, *State v. Locke*, 144 N.H. 348, 352 (1999), it found a contradiction between the purposeful *mens rea* of accomplice liability and the culpability required for the substantive offense, namely, negligence, which requires unawareness on the part of the principal, *see* RSA 626:2, II(d) (1996). *See Etzweiler*, 125 N.H. at 65. It concluded it could not "see how [the accomplice] could intentionally aid [the principal] in a crime that [the principal] was unaware that he was committing." *Etzweiler*, 125 N.H. at 65.

In 2001, the legislature amended RSA 626:8, IV to provide:

Notwithstanding the requirement of a purpose as set forth in paragraph III(a), when causing a particular result is an element of an offense, an accomplice in the conduct causing such result is an accomplice in the commission of that offense, if he acts with the kind of culpability, if any, with respect to that result that is sufficient for the commission of the offense. In other words, to establish accomplice liability under this section, it shall not be necessary that the accomplice act with a purpose to promote or facilitate the offense. An accomplice in conduct can be found criminally liable for causing a prohibited result, provided the

result was a reasonably foreseeable consequence of the conduct and the accomplice acted purposely, knowingly, recklessly, or negligently with respect to that result, as required for the commission of the offense.

RSA 626:8, IV (Supp. 2004).

We read the 2001 amendment to RSA 626:8 as a legislative rejection of the interpretation of that statute stated by the plurality in *Etzweiler* and reiterated by the court in *Locke*. Accordingly, we now reexamine our interpretation of RSA 626:8.

The relevant portion of RSA 626:8, III is derived from section 2.06(3)(a)(i) and (ii) of the Model Penal Code. *See State v. Luv Pharmacy, Inc.*, 118 N.H. 398, 408 (1978). The commentary to that section highlights the *Etzweiler* plurality's error: "Subsection (3)(a) requires that the actor have the purpose of promoting or facilitating the commission of the offense, i.e., that he have as his conscious objective the bringing about of conduct that the Code has declared to be criminal." MODEL PENAL CODE § 2.06 cmt. 6(b), at 310 (Official Draft and Revised Comments 1985). In other words, the actor "must have the purpose to promote or facilitate the particular conduct that forms the basis for the charge." *Id.* at 310-11. Consistent with this commentary, "[t]he standard interpretation of the phrase 'intent to promote or facilitate the commission of the offense' is that it requires proof of the accomplice's intent to promote or facilitate another person's *conduct* that constitutes the *actus reus* of the offense." *Riley v. State*, 60 P.3d 204, 220 (Alaska Ct. App. 2002).

RSA 626:8, IV, in turn, is derived from, and prior to the 2001 amendment, substantially tracked the language of, Model Penal Code section 206.4. That section of the Model Penal Code "was intended to make clear that an accomplice must nonetheless meet the required mental state for the offense under the statute." *State v. Garnica*, 98 P.3d 207, 212 (Ariz. Ct. App. 2004). Said alternatively, if the offense's mental state with respect to the result is something less than purposeful, the State need only establish that lesser *mens rea* on the part of the accomplice to prove him or her guilty of the offense.

> [B]ecause accessorial liability is not a distinct crime, but only an alternative means by which a substantive crime may be committed, it would be illogical to impose liability on the perpetrator of the crime, while precluding liability for an accessory, even though both possess the mental state required for the commission of the crime.

*State v. Foster*, 522 A.2d 277, 284 (Conn. 1987). The plurality opinion in *Etzweiler* promoted just such an illogical result.

 We conclude that the 2001 amendment to RSA 626:8, IV was not enacted to alter the original intent of the statute, but rather to clarify it in response to *Etzweiler*. Thus, even though the current version of section IV provides that "to establish accomplice liability under this section, it shall not be necessary that the accomplice act with a purpose to promote or facilitate the offense," RSA 626:8, IV, we determine that the legislature used the phrase "with a purpose to promote or facilitate the offense" in the sense it was used in *Etzweiler*. It is our conclusion that the legislature did not intend to repeal the requirement that the accomplice "have as his conscious objective the bringing about of conduct that the . . . [underlying criminal statute] has declared to be criminal." MODEL PENAL CODE § 2.06 cmt. 6(b), at 310. Indeed, this is implicit in section IV's reference to an "accomplice in conduct." RSA 626:8, IV (Supp. 2004). Accordingly, we conclude, consistently with the majority of courts interpreting accomplice liability statutes derived from the Model Penal Code, that accomplice liability under RSA 626:8, III and IV requires proof "(1) that the accomplice intended to promote or facilitate another's unlawful or dangerous *conduct*, and (2) that the accomplice acted with the culpable mental state specified in the underlying statute with respect to the result[]." *Riley*, 60 P.3d at 215.

The defendant nevertheless argues that the 2001 amendment to RSA 626:8, IV does not affect the holding of *Etzweiler* with respect to crimes that do not contain a result element, and that because negligent cruelty to animals is such a crime, under the reasoning of *Etzweiler*, there can be no accomplice liability for that offense. The State, on the other hand, contends that the variants of negligent cruelty to animals with which the defendant was charged are result-oriented. We agree with the State.

The portion of the animal cruelty statute at issue here is RSA 644:8, III(b), which provides: "A person is guilty of a misdemeanor for a first offense, and of a class B felony for a second or subsequent offense, who . . . (b) Negligently beats, cruelly whips, tortures, mutilates or in any other manner mistreats or causes to be mistreated any animal." "In matters of statutory interpretation, we are the final arbiter of legislative intent as expressed in the words of the statute considered as a whole." *State v. Kidder*, 150 N.H. 600, 602 (2004). We begin by "examin[ing] the language of the statute and ascrib[ing] the plain and ordinary meanings to the words used." *Id.* We do not, however, construe statutes in isolation, but rather interpret them "in the context of the overall statutory scheme." *Id.* In

addition, the New Hampshire Criminal Code provides that the rule of strict construction of penal statutes does not apply to the Code and that all of its provisions "shall be construed according to the fair import of their terms and to promote justice." RSA 625:3 (1996).

The defendant argues the only elements set forth in RSA 644:8, III(b) relate to a mental state, *i.e.*, negligently, and conduct, *i.e.*, beats, whips, tortures, mutilates or mistreats. We note, however, that the statutory definition of "negligently" contains a result component:

> A person acts negligently with respect to a material element of an offense when he fails to become aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that his failure to become aware of it constitutes a gross deviation from the conduct that a reasonable person would observe in the situation.

RSA 626:2, II(d) (1996) (emphasis added).

It is certainly possible for a person to be perfectly aware of her conduct but fail to become aware of a serious risk that that conduct will cause an animal to be mistreated. Indeed, the jury in this case could have concluded that the defendant intentionally aided her husband in confining a horse but was unaware of a substantial and unjustifiable risk that the animal's attempts to free itself would injure it and cause it pain. We believe that the legislature intended such a scenario to be covered under RSA 644:8, III(b). Thus, mindful that we are to construe provisions of the Criminal Code "according to the fair import of their terms and to promote justice," RSA 625:3, we interpret RSA 644:8, III(b) to contain a result element for purposes of RSA 626:8, IV. Accordingly, under our interpretation of RSA 626:8 as revised herein in light of the 2001 amendment, the crime of accomplice to negligent cruelty to animals exists under New Hampshire law.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.