Jaffrey-Peterborough District Court
No. 2008-198

IN RE ALEX C.

Argued: March 12, 2009
Opinion Issued: April 8, 2009

*Kelly A. Ayotte,* attorney general (*Stephen D. Fuller,* senior assistant attorney general, on the brief, and *Thomas E. Bocian,* assistant attorney general, orally), for the State.

*Paul Borchardt,* assistant appellate defender, of Concord, on the brief and orally, for the juvenile.

DUGGAN, J. The juvenile, Alex C., appeals the Jaffrey-Peterborough District Court's (*Runyon,* J.) finding of delinquency based upon a petition alleging simple assault. *See* RSA 631:2-a (2007). He argues that the trial court should have dismissed the petition because it did not allege a *mens rea.* We reverse and remand.

The record supports the following facts. In October 2007, the juvenile, along with two or three friends, accosted M.W., also a juvenile, as he walked in a park. The juvenile and his friends were on bicycles and began riding past M.W., hitting him with dried vegetation, which M.W. described as "dried-out plants . . . that come up really high . . . and they were whippable [*sic*]." The juvenile and his friends also threw dried berries at M.W. As a result, M.W. had marks on his face and back, one of which was bleeding. Following the confrontation, M.W. met his father on his way home, who called the police.

A juvenile delinquency petition was filed, alleging that the juvenile "did cause unpriviledge [*sic*] physical contact to another, to wit, hitting [M.W.] with dried sticks in the arm and face." At the close of the State's evidence, the juvenile moved to dismiss, arguing that the petition failed to allege a *mens rea* and that the testimony concerning the facts of the incident had been inconsistent. The trial court found that the testimony was largely consistent, but took under advisement the juvenile's motion concerning the charging document.

The trial court later issued an adjudicatory order, finding that the juvenile had committed simple assault, and denying his motion to dismiss. The order stated that "[t]here are undoubtedly some offenses where the

alleged mental state is significant to the nature of the offense." It went on, however, to say: "Simple assault is a misdemeanor . . . based on any conscious mental state, unless it is entered into by mutual consent, and then it is a violation." Because there was no mutual consent in this case, the trial court found the juvenile "was fairly warned that if he voluntarily committed the act charged, he would be found chargeable as a delinquent, no matter what his mental state." The juvenile filed a motion to reconsider, which was denied. This appeal followed.

On appeal, the juvenile argues that the trial court erred in not dismissing the delinquency petition for failure to allege a *mens rea*. Such a charging document, he contends, is constitutionally insufficient. Because this is a question of constitutional law and statutory interpretation, our review is *de novo*. *State v. Abram*, 156 N.H. 646, 651 (2008); *State v. Horner*, 153 N.H. 306, 309 (2006).

Both the New Hampshire and Federal Constitutions require that a criminal complaint inform a defendant of the offense with which he is charged with sufficient specificity. U.S. CONST. amends. V, VI, XIV; N.H. CONST. pt. I, art. 15; *see State v. Lamarche*, 157 N.H. 337, 341 (2008); *State v. Lachapelle*, 133 N.H. 1, 3 (1990) (mem. opinion). We first address the state constitutional claims, citing federal opinions for guidance only. *See State v. Ball*, 124 N.H. 226, 232-33 (1983). Because the juvenile prevails on his state claims, we need not reach the federal issues. *See id.* at 237.

■ Part I, Article 15 of the State Constitution provides that "[n]o subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him . . . ." N.H. CONST. pt. I, art. 15; *see* RSA 601:4 (2001). To meet this constitutional standard, a complaint must inform a defendant of the offense with which he is charged with sufficient specificity to enable him to prepare for trial and at the same time protect him from being put in jeopardy once again for the same offense. *Lachapelle*, 133 N.H. at 3. It is not enough merely to state the crime with which the defendant is being charged; the complaint must include the elements of the offense with sufficient allegations to identify the offense in fact. *Id.*; *see Hamling v. United States*, 418 U.S. 87, 117 (1974).

The State argues that juvenile delinquency petitions need not state a *mens rea*. It relies upon RSA 169-B:6, II (Supp. 2008), which requires a petition to set out the date, time, manner and place of alleged conduct as well as the statutory provision allegedly violated, but does not explicitly require a *mens rea*. Alternatively, the State argues that notwithstanding the petition's failure to allege a *mens rea*, the juvenile here was sufficiently on notice of the offense charged so as to prepare an adequate defense.

■Although RSA 169-B:6, II does not state that a petition must include an alleged *mens rea*, RSA 169-B:2, IV (Supp. 2008) defines "delinquent" as: "[A] person who has committed an offense before reaching the age of 17 years which would be a felony or misdemeanor under the criminal code of this state if committed by an adult . . . ." Here, the juvenile was charged with misdemeanor simple assault resulting from unprivileged contact. For a person to be guilty of such offense, RSA 631:2-a, I(a) requires that he or she act "purposely or knowingly." Because the *mens rea* of purposely or knowingly is an element of the offense, a charging document would need to allege the requisite mental state to be sufficient as to an adult. *See State v. Davis*, 149 N.H. 698, 704-05 (2003) (holding charging document sufficient where stated elements of offense). We hold that RSA 169-B:2, IV requires the same for a juvenile delinquency petition.

■ Because the petition here did not allege a mental state, it is constitutionally deficient. The State argues, however, that the failure to allege a *mens rea* did not deprive the juvenile of constitutionally adequate notice. This argument also fails because of the well-settled rule that a charging document failing to allege all the elements of an offense cannot provide sufficient notice. *See Lamarche*, 157 N.H. at 341; *Davis*, 149 N.H. at 704; *Lachapelle*, 133 N.H. at 3.

The State also argues that the juvenile waived his objection by waiting until the close of the case to object. Indeed, a complaint can be constructively amended to cure defects if the State proceeds using the correct standard and a defendant does not object. *See State v. Homo*, 132 N.H. 514, 516 (1989); *see also Appeal of Smithfield Dodge*, 145 N.H. 23, 27 (2000). Here, however, the juvenile raised a timely objection to the defective petition, and the State did not argue that it had proven that he acted purposely or knowingly, nor did the State move to amend the petition. *cf.* DIST. CT. R. 2.1(B) ("[T]he Court may permit a complaint to be amended at any time before finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."). Rather, the State argued that a juvenile petition does not require a *mens rea*. The trial court apparently agreed, and found that the juvenile's voluntary behavior was sufficient. Because the petition was never amended, even constructively, it was error to enter a finding of delinquency upon a constitutionally defective charging document.

Finally, the State argues that any error was harmless. Even assuming that the harmless error doctrine applies in this case, *see Washington v. Recuenco*, 548 U.S. 212, 218-19 (2006) (discussing application of harmless error analysis to constitutional errors), the error here was not harmless. The trial court never found that the juvenile acted purposely or knowingly,

but rather that he acted "voluntarily." Because voluntariness is not a sufficient *mens rea* to support a conviction of simple assault, *see* RSA 631:2-a, I(a), the trial court's finding did not cure the defective petition.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS and HICKS, JJ., concurred.