Carroll
No. 2011-465

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL G. CHENEY

Argued: April 11, 2013
Opinion Issued: November 7, 2013

*Michael A. Delaney*, attorney general (*Susan P. McGinnis*, senior assistant attorney general, on the brief and orally), for the State.

*Christopher M. Johnson*, chief appellate defender, of Concord, on the brief and orally, for the defendant.

CONBOY, J. Following a jury trial in Superior Court (*Houran*, J.), the defendant, Michael G. Cheney, was convicted of aggravated felonious sexual assault (AFSA), kidnapping, theft by unauthorized taking, aggravated driving while intoxicated, disobeying an officer, and reckless conduct. *See* RSA 632-A:2 (2007); RSA 633:1 (2007); RSA 637:3 (2007); RSA 265-A:3 (Supp. 2007); RSA 265:4 (2004); RSA 631:3 (2007). The defendant's convictions arise from events occurring in late December 2008 when the defendant sexually assaulted the victim, tied her up and stole her car, and thereafter attempted to elude police officers in a high speed chase. On appeal, he argues that the trial court erroneously denied his motions to dismiss the AFSA and reckless conduct indictments. We affirm.

I. *AFSA Indictments*

The defendant first argues that the trial court erred by denying his motion to dismiss the AFSA indictments. The defendant was charged with three counts of AFSA pursuant to RSA 632-A:2, I(c) (coerced sexual penetration by threat of use of physical violence or superior physical strength). At the close of the State's case, the defendant moved to dismiss

these indictments on the ground that they failed to sufficiently allege the element of threatening to use physical violence or superior physical strength. The State objected, arguing that the indictments sufficiently set forth all the elements of the crime. The trial court denied the motion, ruling that the indictments were not defective.

The defendant maintains on appeal that the AFSA indictments were defective under the State and Federal Constitutions because they failed to contain an essential element of the AFSA variant charged. *See* N.H. CONST. pt. I, art. 15; U.S. CONST. amend. XIV. The State argues that the defendant's motion, brought after the State rested its case, was untimely, and, therefore, our review of this claim is limited to plain error analysis. The State, however, did not raise this issue before the trial court; we, therefore, decline to consider it on appeal. *See State v. Sterndale*, 139 N.H. 445, 448 (1995).

Because the defendant raises a question of constitutional law and statutory interpretation, our review is *de novo. State v. Marshall*, 162 N.H. 657, 661 (2011). We first consider the defendant's argument under the State Constitution and rely upon federal law only to aid our analysis. *State v. Ball*, 124 N.H. 226, 231-33 (1983).

Part I, Article 15 of the State Constitution provides that "[n]o subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him." *See also* RSA 601:4 (2001) ("An indictment, information or complaint is sufficient if it sets forth the offense fully, plainly, substantially and formally, and it is not necessary to set forth therein the special statute, bylaw or ordinance on which it is founded."). To meet this constitutional standard, an indictment must inform a defendant of the offense with which he is charged with sufficient specificity to enable him to prepare for trial and at the same time protect him from being placed in jeopardy a second time for the same offense. *See Marshall*, 162 N.H. at 661. It is not enough merely to state the crime with which a defendant is being charged; the indictment must include the elements of the offense with sufficient allegations to identify the offense in fact. *Id.*; *see also State v. Shute*, 122 N.H. 498, 504 (1982). However, "an element need not be stated in precise statutory language, if the indictment as a whole may fairly be understood to charge it." *State v. French*, 146 N.H. 97, 103 (2001) (quotation and brackets omitted). The question is not whether the indictment could have been more certain and comprehensive, but whether it contains the elements of the offense and enough facts to warn a defendant of the specific charges against him. *State v. Bisbee*, 165 N.H. 61, 64 (2013). An indictment that fails to allege all the elements of the offense cannot provide sufficient notice. *See In re Alex C.*, 158 N.H. 525, 528 (2009).

RSA 632-A:2, I(c) provides that a person commits "aggravated felonious sexual assault if such person engages in sexual penetration with another person" by coercing "the victim to submit by threatening to use physical violence or superior physical strength on the victim, and the victim believes that the actor has the present ability to execute these threats." Here, the indictments alleged that the defendant knowingly engaged in sexual penetration with the victim

> by coercing her to submit to [a particular act of penetration] by showing her a knife, *grabbing her*, and/or threatening to slash her face, cut her, or drag her down the stairs if she refused, and [the victim] believed that [the defendant] had the present ability to execute one or more of those threats.

(Emphasis added.)

The defendant argues that, because the indictments did not include the statutory language "threatening to use physical violence or superior physical strength on the victim," RSA 632-A:2, I(c), but instead charged "that element by specifying a number of implicit and explicit threats" that are linked together by the term "and/or," in order for the indictments to properly charge him, each threat alone must satisfy that element. The defendant does not dispute that "showing [the victim] a knife" and "threatening to slash her face, cut her, or drag her down the stairs" constitute threats of physical violence or superior physical strength under the statute. Rather, he contends that the act of "grabbing," standing alone, fails to satisfy the element of "threatening to use physical violence or superior physical strength on the victim," *id.*, because "[o]ne need not have or use 'superior physical strength' to grab another" and "the act of grabbing does not inflict physical violence."

RSA 632-A:2, I(c), however, does not require the actor to actually inflict physical violence or use superior physical strength on the victim. Rather, the statute requires that the actor coerce the victim to submit by "*threatening* to use physical violence or superior physical strength on the victim." *Id.* (emphasis added); *see State v. Kulikowski*, 132 N.H. 281, 285 (1989). We have defined "threat" for purposes of RSA 632-A:2 as "any menace of such a nature and extent as to unsettle the mind of the person on whom it operates, and to take away from her acts that free and voluntary action which alone constitutes consent." *State v. Johnson*, 130 N.H. 578, 581 (1988) (quotation and brackets omitted) (construing former RSA 632-A:2, IV). Regardless of whether it is verbal or nonverbal, the required threat is "something that by its very nature or relation to another threatens the welfare of the latter." *Id.* (quotation and ellipsis omitted).

■ Here, the indictments alleged that the defendant threatened to use physical violence or superior physical strength on the victim by, among other things, "grabbing her." The plain meaning of the word "grab" includes "to take or take hold of by a sudden motion or grasp: SEIZE, CLUTCH." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 983 (unabridged ed. 2002). Taking the plain meaning of the word "grab" together with the meaning we have ascribed to "threat" for purposes of RSA 632-A:2, the act of "grabbing" — even standing alone — can satisfy the element of "threatening to use physical violence or superior physical strength on the victim" under RSA 632-A:2, I(c). Accordingly, we conclude that the AFSA indictments were not insufficient under the State Constitution. *See Shute*, 122 N.H. at 504.

As the Federal Constitution offers the defendant no greater protection with respect to the sufficiency of an indictment, we reach the same result under the Federal Constitution as we do under the State Constitution. *See Bisbee*, 165 N.H. at 67; *Hamling v. United States*, 418 U.S. 87, 117 (1974).

## II. *Reckless Conduct Indictments*

The defendant next argues that the trial court erred in denying his motion to dismiss the reckless conduct indictments. The defendant was charged with three counts of reckless conduct pursuant to RSA 631:3, alleging that he engaged in conduct which placed or may have placed another in danger of serious bodily injury by use of a deadly weapon as defined in RSA 625:11, V (2007), to wit, a motor vehicle.

Before trial, the defendant moved to dismiss these indictments, arguing that RSA 265:79 (Supp. 2007) (Reckless Driving) prohibits prosecution under RSA 631:3 (Reckless Conduct) "for reckless driving upon a way." The State objected, contending that "the elements of RSA 265:79 are different from the elements of the reckless conduct criminal charge" under RSA 631:3 and, therefore, RSA 265:79 does not prohibit prosecution under RSA 631:3. The trial court denied the defendant's motion.

On appeal, the defendant presses the same argument he made to the trial court — that RSA 265:79, which pertains to reckless driving, precludes the State from charging him with reckless conduct under RSA 631:3. We disagree.

To resolve this issue, we examine the language of the relevant statutes. RSA 265:79, contained within the New Hampshire Motor Vehicle Code, provides:

> Whoever upon any way drives a vehicle recklessly, or causes a vehicle to be driven recklessly, as defined in RSA 626:2, II(c), or so that the lives or safety of the public shall be endangered, or upon

a bet, wager, or race, or who drives a vehicle for the purpose of making a record, and thereby violates any of the provisions of this title or any rules adopted by the director, *shall be, notwithstanding the provisions of title LXII, guilty of a violation* and fined not less than $500 for the first offense and $750 for the second offense nor more than $1,000 and his or her license shall be revoked for a period of 60 days for the first offense and from 60 days to one year for the second offense.

(Emphasis added.) RSA 631:3, contained within Title LXII, the New Hampshire Criminal Code, provides that a person commits the crime of reckless conduct "if he recklessly engages in conduct which places or may place another in danger of serious bodily injury." RSA 631:3, I. The crime is "a class B felony if the person uses a deadly weapon as defined in RSA 625:11, V." RSA 631:3, II. A "[d]eadly weapon" is "any firearm, knife or other substance or thing which, in the manner it is used, intended to be used, or threatened to be used, is known to be capable of producing death or serious bodily injury." RSA 625:11, V.

The defendant argues that RSA 265:79 and RSA 631:3 have the same elements, but that RSA 265:79 "applies in a narrower range of circumstances" than RSA 631:3 and, therefore, under our rules of statutory construction, "RSA 265:79 supersedes any application of RSA 631:3 to cases falling within that narrow range." He further argues that the express language of RSA 265:79 demonstrates that the legislature intended to preclude the application of RSA 631:3 in cases involving reckless driving upon a way.

We are the final arbiters of the legislature's intent regarding the meaning of a statute considered as a whole, and our review of the trial court's statutory interpretation is *de novo. State v. Guay*, 164 N.H. 696, 699 (2013). We first examine the language of the statute, and, where possible, we ascribe the plain and ordinary meanings to the words used. *Id.* When a statute's language is plain and unambiguous, we need not look beyond it for further indication of legislative intent, and we refuse to consider what the legislature might have said or add language that the legislature did not see fit to incorporate in the statute. *Id.*

"Where reasonably possible, statutes should be construed as consistent with each other." *EnergyNorth Natural Gas v. City of Concord*, 164 N.H. 14, 16 (2012) (quotation omitted). When interpreting two statutes which deal with a similar subject matter, we will construe them so that they do not contradict each other, and so that they will lead to reasonable results and effectuate the legislative purpose of the statute. *State v. Rix*, 150 N.H.

131, 132-33 (2003). To the extent two statutes conflict, the more specific statute controls over the general statute. *EnergyNorth Natural Gas*, 164 N.H. at 16.

We begin by addressing the defendant's argument that RSA 265:79 and RSA 631:3 contain the same elements. The statutory offense of reckless driving requires, in relevant part, proof that a person, upon a way, drove a vehicle recklessly, caused a vehicle to be driven recklessly, or drove a vehicle so that the lives or safety of the public were endangered, and, in doing so, violated any provisions of New Hampshire's Motor Vehicle Code or a rule adopted by the director of motor vehicles. RSA 265:79. On the other hand, the statutory offense of felony reckless conduct requires proof that a person recklessly engaged in conduct which placed, or may have placed, another in danger of serious bodily injury, and that the person did so by use of a deadly weapon, which weapon may include a motor vehicle. RSA 631:3.

█ Comparison of the statutory elements of RSA 265:79 with the elements of RSA 631:3 establishes that proof of the elements of each statute requires proof of a fact or facts that the other does not. *Cf. State v. Hull*, 149 N.H. 706, 716 (2003) (for double jeopardy purposes, "[t]wo offenses will be considered the same unless each requires proof of an element that the other does not" (quotation omitted)). The reckless driving statute requires proof that the charged conduct occurred on a way. The reckless conduct statute does not. Further, although reckless driving may be proved by evidence of conduct that endangered the lives or safety of the public, the statute does not require that the conduct placed another, or may have placed another, in danger of serious bodily injury, as is required under the reckless conduct statute. Moreover, proof of reckless driving does not require the use of a deadly weapon as defined under RSA 625:11, V. In contrast, reckless conduct, as charged in this case, required the State to prove that the defendant committed the offense by use of a deadly weapon. Finally, proof of reckless driving requires proof that a person violated a provision of New Hampshire's motor vehicle code or a rule adopted by the director of motor vehicles, whereas proof of reckless conduct does not.

The defendant contends that the crimes are indistinguishable because it is impossible to commit reckless conduct by use of a motor vehicle under RSA 631:3 without violating some rule of the road pursuant to RSA 265:79. We note, however, that although a person charged with reckless conduct may have violated the rules of the road, the reckless conduct statute does not require the State to prove that he did so. Moreover, contrary to the defendant's argument, proof that the defendant drove recklessly on a way, as is required by RSA 265:79, does not necessarily "amount[ ] to the same

thing as driving a vehicle in such a way as is known to be capable of producing death or serious bodily injury, as is required by RSA 631:3, II." Indeed, the "forbidden harm [under RSA 265:79] may include injury to the safety, rights or property of human beings." *State v. Etzweiler*, 125 N.H. 57, 66 (1984), *superseded by statute on other grounds as stated in State v. Anthony*, 151 N.H. 492, 493-95 (2004).

■■■ It does not matter how overlapping or similar the evidence used to sustain an indictment is if a difference in evidence is actually required to prove the crime charged. *See Hull*, 149 N.H. at 717. For the same reason, it does not matter that the two charges arise out of the same transaction. *Id.* Here, the elements required to prove reckless driving under RSA 265:79 are different from those required to prove reckless conduct under RSA 631:3. Because the canon of statutory construction providing that the more specific statute controls over the general statute only applies to the extent two statutes conflict, *EnergyNorth Natural Gas*, 164 N.H. at 16, our ruling that RSA 265:79 and RSA 631:3 do not contain the same elements and, hence, do not conflict, precludes its application in this case.

The defendant nonetheless argues that the express language in RSA 265:79 demonstrates that the legislature intended for RSA 265:79 to supersede application of RSA 631:3 in cases involving reckless driving upon a way. The defendant asserts that the legislature's use of the word "shall" and "notwithstanding the provisions of title LXII" in RSA 265:79 demonstrates that the legislature intended for RSA 265:79 to supersede any application of RSA 631:3 to cases involving reckless driving. We do not share the defendant's interpretation of the reckless driving statute.

■ The use of the word "shall" in a statute is generally regarded as a command, *see State v. Fournier*, 158 N.H. 441, 446 (2009), and "notwithstanding" means, in relevant part, "in spite of." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1545 (unabridged ed. 2002). Thus, by use of the phrase "shall be, notwithstanding the provisions of title LXII, guilty of a violation," the legislature intended for a person who violates RSA 265:79 to be guilty of a violation regardless of whether the provisions of Title LXII are also applicable. This interpretation is consistent with how we interpreted "notwithstanding" in a former version of this statute, *see State v. Payne*, 115 N.H. 595, 596, 598 (1975) (holding that penalty provision in former reckless operation statute stating, "notwithstanding the provisions of Title LXII," prevented the fines provided for therein from being limited by Title LXII (quotation omitted)), as well as our interpretation of the word in other statutes, *see In re Cody C.*, 165 N.H. 183, 185 (2013) (holding that "notwithstanding" in one paragraph of statute governing conditions under which court could retain jurisdiction over delinquent juvenile meant that

legislature intended that paragraph to apply regardless of whether other paragraph was also applicable). *Cf. Rix*, 150 N.H. at 133 (holding that, where penalty statute for habitual offenders and sentencing statute in Criminal Code *conflicted*, plain meaning of introductory phrase "notwithstanding the provisions of RSA title LXII" in habitual offender statute signaled legislature's intent that habitual offender statute should govern); *King v. Sununu*, 126 N.H. 302, 306-07 (1985) (holding that "notwithstanding" in statute pertaining to distribution of sweepstakes revenue expressed legislature's intent that statute "take precedence" over conflicting statute also pertaining to distribution of sweepstakes revenue). We therefore conclude that the legislature did not intend that RSA 265:79 "supersede" prosecution under RSA 631:3 simply because the alleged reckless conduct occurred upon a way.

Finally, we note that, given the defendant's arguments and our conclusion based upon statutory interpretation, our general rule regarding prosecutorial discretion is inapplicable to our analysis. *Cf. State v. Peck*, 140 N.H. 333, 334 (1995) ("[W]hen an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants." (quotation omitted)).

Accordingly, we conclude that the trial court did not err in denying the defendant's motion to dismiss the reckless conduct indictments.

*Affirmed.*

DALIANIS, C.J., and HICKS, LYNN and BASSETT, JJ., concurred.