**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0072, <u>State of New Hampshire v. Dawson Hambright</u>, the court on October 17, 2017, issued the following order:**

Having considered the brief of the defendant, Dawson Hambright, the memorandum of law filed by the State, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant appeals his conviction following a bench trial in Circuit Court (<u>Ashley</u>, J.) on one count of reckless driving. <u>See</u> RSA 265:79 (Supp. 2016); <u>see also</u> RSA 626:2, II(c) (2016). On appeal, he contends that the evidence was insufficient for the trial court to have found that he acted recklessly. We affirm.

To prevail upon his challenge to the sufficiency of the evidence, the defendant must show that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. <u>State v. Belleville</u>, 166 N.H. 58, 61 (2014). "Because persons rarely explain to others the inner workings of their minds or mental processes, a culpable mental state must, in most cases[,] be proven by circumstantial evidence." <u>Id</u>. at 62 (quotation and ellipsis omitted). When the evidence as to one or more of the elements of the charged offense is solely circumstantial, it must exclude all reasonable conclusions except guilt. <u>Id</u>. Under this standard, however, we still consider the evidence in the light most favorable to the State and examine each evidentiary item in context, not in isolation. <u>Id</u>.

To have convicted the defendant of reckless driving, the State had to prove, beyond a reasonable doubt, that he drove his vehicle recklessly or that he drove it so that the lives or safety of the public were endangered, and in so doing, he violated provisions of the motor vehicle code or a rule adopted by the director of motor vehicles. <u>State v. Cheney</u>, 165 N.H. 677, 683 (2013); <u>see</u> RSA 265:79. "A person acts recklessly with respect to a material element of an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct." RSA 626:2, II(c). "The risk must be of such a nature and degree that, considering the circumstances known to him, its disregard constitutes a gross deviation from the conduct that a law-abiding person would observe in the situation." <u>Id</u>.

"Assessment of criminal recklessness — that is, whether a defendant was aware of the risk of serious bodily injury resulting from his actions, consciously disregarded the risk, and had knowledge of circumstances that made disregarding the risk a 'gross deviation' from law-abiding conduct — involves comparing the defendant's conduct with that of a law-abiding person." Belleville, 166 N.H. at 62. Thus, "when assessing recklessness, the fact-finder should measure the substantiality and unjustifiability of the risk by asking whether its disregard, given the actor's perceptions, involved a gross deviation from the standard of conduct that a law-abiding person in the actor's situation would observe." Id. (quotation omitted).

"Whether a defendant acted recklessly does not depend upon the actual harm resulting from his conduct." Id. at 63. "Nor does it depend upon whether the defendant anticipated the precise risk or injury that resulted." Id.

Viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, we conclude that the evidence was sufficient for a rational trier of fact to have found, beyond a reasonable doubt, that the defendant acted recklessly. The trial judge heard evidence that the defendant initially drove his vehicle into the northbound lane of route 125 (against the direction of traffic) and then reversed direction back into the intersection of routes 9 and 125 and continued into the southbound lane. The jury also heard that the defendant "accelerated rapidly out of the intersection," driving between 50 and 60 miles per hour when the posted speed limit was 35 miles per hour. As the defendant drove his vehicle southbound, a police officer observed the defendant driving "all over the road, swerving over the fog line, swerving over the double yellow line," for more than a mile. The officer activated his emergency lights when he saw the defendant's vehicle cross the center line and begin traveling southbound in the northbound lane of travel.

When questioned by police, the defendant said that he had crossed fully into oncoming traffic because "he was trying to get his front passenger to get her feet back in the window." The defendant's passenger testified that she and several of the other passengers were intoxicated and that, as the defendant drove, she put her feet out the window. She testified that when the defendant began to roll up the window, she "started screaming and that definitely distracted him." She also testified that the defendant was "looking at [her] and dealing with . . . everybody else in the back seat" when he swerved his vehicle into the oncoming traffic lane.

Based upon this evidence and all reasonable inferences to be drawn from it, viewed in the light most favorable to the State, we conclude that a rational trier of fact could have concluded that the risk that another driver would suffer serious injury in this situation, was "substantial and unjustifiable." RSA 626:2, II(c); see Belleville, 166 N.H. at 63 (determining that a rational trier of fact could have found that driving across the median and entering the opposite

lane of traffic while looking down to check a text message created a substantial, unjustifiable risk of injury to another driver).

A rational trier of fact could also have found that driving in the way that the defendant drove for more than mile, which included reversing direction in an intersection, driving 15-25 miles over the speed limit, swerving over the fog line and double yellow line, crossing the center median and traveling southbound in the northbound lane of traffic, was a gross deviation from the conduct of a law-abiding citizen. See Belleville, 166 N.H. at 64 (concluding that "a rational trier of fact could have found that looking down to check a text message for the length of time it took to cross over the median, enter into the oncoming traffic lane, nearly hit one vehicle, and hit two others, without braking or attempting to evade collision, was a gross deviation from the conduct of a law-abiding citizen"). A rational trier of fact could have found that a law-abiding citizen "would not have voluntarily remained inattentive for such an appreciable length of time over such a distance." Id.

Likewise, a rational trier of fact could have found that the defendant was aware of the risk that driving for more than a mile while focusing upon the passenger in the front seat whose feet were outside the window and upon the passengers in the backseat could cause an accident, and that he chose to disregard that risk. See id. (determining that "a rational trier of fact could have concluded that the defendant was aware of the risk that looking down to check a text message while driving could cause an accident").

Contrary to the defendant's assertions, "[t]his was more than a case of momentary inattention, such as might be caused by changing a radio station or sneezing." Id. at 65. Here, a rational trier of fact could have found that the defendant chose to divert his attention from the road to focus upon his passengers and remained so inattentive that, for more than a mile, he drove "all over the road, swerving over the fog line, swerving over the double yellow line," eventually crossing the center median and traveling southbound in the northbound lane of travel. See id. Under such circumstances, we cannot say that a reasonable trier of fact, viewing the evidence and all reasonable inferences from it in the light most favorable to the State, could not have found that the defendant acted recklessly. See id.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

3