# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0426, <u>State of New Hampshire v. Reilly Leith</u>, the court on August 14, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Reilly Leith, appeals her conviction, following a jury trial in Superior Court (<u>Wageling</u>, J.), on a felony charge of bail jumping. <u>See</u> RSA 642:8 (2016). She contends that the trial court erred by: (1) substantively amending the indictment in violation of the State and Federal Constitutions; and (2) denying her motion to quash a subpoena ordering her former counsel to testify whether she had mailed the relevant hearing notice to the defendant.

We first address whether the trial court impermissibly amended the indictment. We assume, without deciding, that this issue is preserved and that the characterization of the underlying offense, as a violation, misdemeanor, or felony, is an element of the crime of bail jumping, <u>cf</u>. <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000); <u>State v. Marshall</u>, 162 N.H. 657, 664-65 (2011). Because the defendant's argument raises questions of constitutional law, our review is <u>de novo</u>. <u>State v. Cheney</u>, 165 N.H. 677, 679 (2013). We first address the defendant's argument under the State Constitution and rely on federal law only to aid in our analysis. <u>State v. Ball</u>, 124 N.H. 226, 231-33 (1983).

Part I, Article 15 of the New Hampshire Constitution requires that an indictment describe the offense with sufficient specificity to ensure that the defendant can prepare for trial and avoid double jeopardy. <u>State v. Kuchman</u>, 168 N.H. 779, 784 (2016). The question is not whether the indictment could have been more certain and comprehensive, but whether it contains the elements of the offense and enough facts to warn the defendant of the specific charges against her. <u>Cheney</u>, 165 N.H. at 679. An element need not be stated in precise statutory language, if the indictment as a whole may fairly be understood to charge it. <u>Id</u>.

In this case, the defendant argues that the trial court's proposed instruction, that the jury should consider whether the offense underlying the bail jumping charge was a felony, constructively amended the indictment substantively from "a violation or misdemeanor offense as drafted to a felony offense." However, except in circumstances not relevant here, an indictment is not required for a violation or a misdemeanor, <u>State v. Smith</u>, 144 N.H. 1, 4, 6 (1999), and bail jumping is a felony only when the underlying charge is a felony,

see RSA 642:8, III(a)(1), (2). Furthermore, the defendant did not contest the trial court's statement that the only charges pending against her when the bail order was issued were felonies.

Moreover, the indictment was captioned "BAIL JUMPING ON FELONY B." In the upper right-hand corner, it identified the penalties as "3½ - 7 years; $5,000," which reflects the statutory penalty when the underlying charge is a felony punishable by less than 15 years' imprisonment. See RSA 642:8, III(a)(2); RSA 625:9, III (2016) (classifying certain crimes as felonies); cf. State v. Diallo, 169 N.H. 355, 359-60 (2016) (concluding that penalty identified on upper right-hand corner of indictment notified defendant of State's intention to seek extended sentence). Thus, the defendant had ample notice that the charge was a felony.

The defendant does not develop her argument that the proposed instruction changed the proof required to convict her. See State v. Blackmer, 149 N.H. 47, 49 (2003). Upon this record, we conclude that the trial court's proposed instruction did not amend the indictment, which described the offense with sufficient specificity to ensure that the defendant could prepare for trial and avoid double jeopardy. See Kuchman, 168 N.H. at 784. Because the Federal Constitution offers the defendant no greater protection with respect to the sufficiency of an indictment, we reach the same result under the Federal Constitution as we do under the State Constitution. See Cheney, 165 N.H. at 681.

We next address whether the trial court erred by denying the defendant's motion to quash the subpoena issued to her former counsel, who had withdrawn approximately a year before being issued the subpoena. By the subpoena, the State sought to compel the defendant's former counsel to testify regarding whether she provided the relevant hearing notice to the defendant. We review the trial court's decision for an unsustainable exercise of discretion. Kukesh v. Mutrie, 168 N.H. 76, 80, 81 (2015). To meet this standard, the defendant must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of her case. See id.

The defendant argues, based upon Rule 3.8(e) of the Rules of Professional Conduct, that the State failed to meet its burden to establish that there was no other feasible way to show that the defendant had been notified of the hearing at which she failed to appear. However, the Rules of Professional Conduct do not create substantive rights on behalf of third parties. State v. Decker, 138 N.H. 432, 438-39 (1994).

To the extent that the defendant invites us to adopt the rule established in State v. Hawes, 556 N.W.2d 634, 638 (Neb. 1996) (addressing practice of issuing subpoena to defendant's current counsel), we decline to do so. To the extent that the defendant contends that requiring her former counsel to testify violated the attorney-client privilege, she does not develop this argument on appeal. See

2

Blackmer, 149 N.H. at 49; Hawes, 556 N.W.2d at 637 (declining to hold that communication concerning date, time, and place of scheduled trial is confidential or protected from disclosure by attorney-client privilege).  To the extent that she argues that the trial court should have required the State to show that it could not feasibly obtain the evidence from another source, she does not identify any source to which the State might have turned.

On this record, we conclude that the trial court's denial of the defendant's motion to quash the subpoena of her former counsel was reasonable and tenable.  See Kukesh, 168 N.H. at 81.  The remaining issues raised by the plaintiff in her brief are either not sufficiently developed, see Blackmer, 149 N.H. at 49, or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

3