NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

6th Circuit Court-Franklin District Division
No. 2021-0147

THE STATE OF NEW HAMPSHIRE

v.

ROBERT LEROUX

Argued: March 29, 2022
Opinion Issued: May 24, 2022

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Weston R. Sager, assistant attorney general, on the brief, and Zachary L. Higham, assistant attorney general, orally), for the State.

Christopher M. Johnson, chief appellate defender, of Concord, on the brief and orally, for the defendant.

DONOVAN, J. The defendant, Robert Leroux, appeals his conviction, following a bench trial in the Circuit Court (Luneau, J.), on one misdemeanor count of driving while his license was suspended as a result of a prior driving while intoxicated conviction. See RSA 263:64 (2014). He argues that the circuit court erred by: (1) denying his motion to dismiss based upon the insufficiency of the allegations in the complaint; and (2) allowing the State to introduce certified Department of Motor Vehicle (DMV) records for the purpose

of establishing his prior DWI conviction. Applying plain error review, we conclude that, even if we assume that the circuit court committed plain error by denying the defendant's motion to dismiss, the defendant has not demonstrated that the error was prejudicial. We further conclude that the defendant failed to preserve his argument that the court erred by admitting the certified DMV records as evidence of his prior DWI conviction. Accordingly, we affirm.

## I. Facts

The following facts are supported by the record. In July 2018, the police stopped the defendant's vehicle on a public way for a traffic violation. Following the stop, the defendant was arrested and charged with one class A misdemeanor count of driving after his license was suspended, among other things. See id. The complaint alleged that the defendant "knowingly [drove] a certain motor vehicle . . . after his operator's privilege had been suspended by the director of motor vehicles for DWI-second offense, on 05/17/2010." (Capitalization omitted.) In November 2020, the circuit court held a bench trial. At trial, the State introduced two certified DMV records: (1) the defendant's "driver record report-driver history"; and (2) a notice of license suspension, which stated that the defendant's license was suspended "as a result of [his] conviction in the Laconia District Court on 05/17/2010 for . . . [DWI] second offense." (Capitalization omitted.) The defendant did not immediately object to the admission of these records.

After the State rested, the defendant moved to dismiss the complaint, arguing, for the first time, that the complaint insufficiently alleged a class A misdemeanor pursuant to RSA 263:64. Specifically, the defendant argued that the complaint was insufficient because it alleged that his license was suspended "by the director of motor vehicles" (capitalization omitted), rather than by a court of competent jurisdiction. See RSA 263:64, IV-V. The circuit court took the matter under advisement and allowed the parties to submit post-trial memoranda. In his post-trial memorandum, the defendant iterated his argument that the complaint insufficiently alleged a class A misdemeanor pursuant to RSA 263:64. He also argued, for the first time, that the certified DMV records were inadmissible hearsay, and, therefore, the circuit court erred by admitting the records into evidence.

In January 2021, the circuit court issued an order convicting the defendant on the class A misdemeanor count of driving after his license was suspended, among other charges. In reaching that decision, the court observed that RSA 263:64, IV required the State to prove that "the license suspension [was] from a court of competent jurisdiction, as opposed to a DMV license suspension without a conviction." Nonetheless, the court concluded that the complaint sufficiently alleged a violation of RSA 263:64, IV because it stated that "the suspension was as a result of 'DWI second offense' and listed a

specific date." The court construed the word "offense" in the complaint as alleging that the defendant was convicted by a court of competent jurisdiction, noting that this language was "enough to put the Defendant . . . on notice" of his prior DWI conviction. The defendant filed a motion for reconsideration, which the court denied. This appeal followed.

## II. Analysis

The defendant first argues that the circuit court erred by denying his motion to dismiss the misdemeanor driving after suspension charge based upon the insufficiency of the allegations in the complaint. He argues, as he did to the trial court, that the complaint insufficiently alleged a misdemeanor pursuant to RSA 263:64, IV because it stated that his license was suspended "by the director of motor vehicles." (Capitalization omitted.) The defendant asserts that this allegation precludes any implication that his license was suspended as a result of a court conviction, which, he contends, the State was required to prove in order to convict him of a misdemeanor pursuant to RSA 263:64, IV.

As an initial matter, the State argues that the defendant's challenge to the sufficiency of the complaint was untimely because he did not raise the issue until after the State rested its case. Therefore, the State argues that we should review the court's decision for plain error. We agree. A motion to dismiss a complaint is untimely if "brought in the middle of trial, after the State rested its case." State v. Ortiz, 162 N.H. 585, 590 (2011). However, an untimely challenge to the sufficiency of the complaint does not preclude all appellate review; instead, it confines our review to plain error. Id.; see State v. Pinault, 168 N.H. 28, 33-34 (2015) (holding that the defendant's challenge to the sufficiency of the complaint was untimely, and, consequently, applying plain error review, when the defendant raised the issue for the first time after trial).

Here, the defendant's challenge to the sufficiency of the complaint was untimely because he raised it for the first time at the end of the trial, after the State rested its case. See Pinault, 168 N.H. at 33; Ortiz, 162 N.H. at 590. The defendant argues, however, that Pinault and Ortiz are distinguishable because the charging documents at issue in those cases failed to allege any crimes, whereas here, the defendant concedes that the complaint adequately alleged a violation-level offense. In the defendant's view, the complaint "was defective only in the legally irrelevant, subjective sense that it failed to charge the misdemeanor the prosecutor wanted to charge." Thus, the defendant asserts that, because he "suffered no injury merely by being brought to trial, [he] could properly raise the question when counsel did."

We are unpersuaded. As in Pinault and Ortiz, the defendant challenged the sufficiency of the complaint on the basis that it failed to allege a necessary

element of the offense — namely, that a court of competent jurisdiction convicted him of DWI-second offense.  See RSA 263:64, IV-V; Pinault, 168 N.H. at 33 ("The defendant argues that the complaint fails to include an element of the offense because it did not allege that the defendant was involved in the accident."); Ortiz, 162 N.H. at 588 ("The defendant contends that the pattern indictment was defective under the State Constitution because it failed to contain all of the elements of the pattern variant of AFSA.").  We conclude that, notwithstanding his contention that the complaint adequately alleged a violation-level offense, the defendant was required to "bring challenges to the sufficiency of the [complaint] before trial."  Pinault, 168 N.H. at 33.  This conclusion is consistent with our recent decision in State v. Emery, No. 2019-0309, 2020 WL 3169325, at *1-2 (N.H. May 14, 2020) (non-precedential order), where we applied our plain error standard and rejected the defendant's argument that, because "she did not challenge the disorderly conduct complaints as defective, but argued only that they alleged violation-level offenses," the timeliness rule set forth in Pinault and Ortiz did not apply.

The defendant further argues that, because the State did not challenge the timeliness of his motion to the trial court, the State's timeliness argument is unpreserved.  He argues that "[t]he State has an obligation to preserve, in the [circuit] court, arguments that it subsequently advances on appeal."  Again, we are unpersuaded.  The defendant, as the appealing party, bears the burden of proving that he preserved his appellate arguments, including his argument that the circuit court erred by denying his motion to dismiss.  See State v. Batista-Salva, 171 N.H. 818, 822 (2019).  Moreover, the State does not argue that we should affirm the circuit court's decision on the alternative ground that the defendant's motion was untimely.  Rather, the State argues that, because the motion was untimely, we should review the merits of the defendant's appeal pursuant to our plain error standard.  Because this court, and this court alone, decides whether to apply our plain error standard, see id. at 824, the State had no occasion to argue the proper standard of appellate review to the circuit court.[1]  Accordingly, we conclude that the defendant's motion to dismiss was untimely, and we will review the circuit court's denial of the defendant's motion for plain error.

To find plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights.  State v. Thomas, 168 N.H. 589, 604 (2016).  If all three conditions are met, we may then exercise our

---

[1] We note that in State v. Cheney, 165 N.H. 677, 679 (2013), we declined the State's request that we review under the plain error standard the defendant's challenge to the sufficiency of the complaint because the State did not challenge the timeliness of the defendant's motion to the trial court.  However, that determination was unnecessary to our holding in Cheney, as we ultimately ruled that the trial court correctly denied the defendant's challenge on the merits.  Id. at 679-81.  Accordingly, we decline to extend our dicta from Cheney and will instead apply the preservation rule set forth in Pinault and Ortiz.

discretion to correct a forfeited error only if the error meets a fourth criterion: the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. Id. Here, even assuming that an error occurred and that the error was plain, we conclude that any such error does not satisfy the third prong of the analysis. Under the third prong, "the defendant must demonstrate that the error was prejudicial, i.e., that it affected the outcome of the proceeding." State v. Mueller, 166 N.H. 65, 70 (2014). We will find prejudice under the third prong when we cannot confidently state that the fact-finder would have returned the same verdict in the absence of the error. Id.

Here, nothing in the record suggests that the outcome in this case would have been different had the complaint been more specific. The defendant does not argue, and the record does not support a finding, that the complaint limited the defendant's ability to prepare for trial or that he would have prepared differently had the complaint alleged that he was convicted by a court of competent jurisdiction of a "DWI-second offense." Importantly, the defendant conceded at oral argument that any such deficiency in the complaint was not prejudicial because, throughout the trial, he was aware that a court of competent jurisdiction had in fact convicted him of "DWI-second offense." Accordingly, we affirm the circuit court's decision on this issue.

The defendant next argues that the certified DMV records were inadmissible hearsay, and, therefore, the circuit court erred by admitting those records as evidence of his prior DWI conviction. We conclude that this argument is unpreserved. As explained above, the defendant, as the appealing party, bears the burden of demonstrating that he specifically raised the arguments articulated in his appellate brief before the circuit court. See Batista-Salva, 171 N.H. at 822. It is well established that, to preserve an issue for appellate review, a party must make a specific and contemporaneous objection during trial. 101 Ocean Blvd., LLC v. Foy Ins. Grp., Inc., 174 N.H. 130, 137 (2021); see N.H. R. Ev. 103(a)(1). This requirement affords the circuit court an opportunity to correct any error it may have made and is grounded in common sense and judicial economy. 101 Ocean Blvd., LLC, 174 N.H. at 137-38.

Here, the defendant failed to make a specific and contemporaneous objection to the admission of the certified DMV records. Rather, he raised his hearsay argument for the first time in his post-trial memorandum. Contrary to the defendant's argument, an objection to the admission of evidence that is raised for the first time after the opposing party has rested its case is not contemporaneous. See Black's Law Dictionary 360 (9th ed. 2009) ("An objection is timely if it is made as soon as practicable . . . ."); cf. 101 Ocean Blvd., LLC, 174 N.H. at 138 (holding that defendant's objections to closing argument statements, raised for the first time in his post-trial motion for judgment notwithstanding the verdict, were untimely). We therefore conclude that this issue is unpreserved for review. Because the defendant does not

argue that we should review this issue for plain error, we decline to do so. See Halifax-American Energy Co. v. Provider Power, LLC, 170 N.H. 569, 574 (2018) ("[A]lthough the plain error rule allows us to consider errors not brought to the attention of the trial court, see Sup. Ct. R. 16-A, in this case, we exercise our discretion to consider plain error only when the defendants specifically argue under that rule.").

Accordingly, we affirm the defendant's conviction on one misdemeanor count of driving after his license was suspended. See RSA 263:64, IV. Any issues that the defendant raised in his notice of appeal, but did not brief, are deemed waived. See State v. Bazinet, 170 N.H. 680, 688 (2018).

Affirmed.


MACDONALD, C.J., and HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.